418 S.E.2d 571

**WEST VIRGINIA BOARD OF MEDICINE, Petitioner,**

v.

**The Honorable George SPILLERS, Judge of the Circuit Court of Brooke County, and Weirton Medical Center, Inc., Respondents.**

**No. 21006.**

Supreme Court of Appeals of West Virginia.

Submitted April 7, 1992.

Decided May 14, 1992.

Deborah Lewis Rodecker, Charleston, for petitioner.

Carl N. Frankovitch, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, Weirton, for Weirton Medical Center, Inc.

NEELY, Justice:

The West Virginia Board of Medicine seeks a writ of prohibition against the Circuit Court of Brooke County and the Weirton Medical Center, asking that we prohibit the respondent circuit court from hearing Civil Action No. 91–P–70 brought by the respondent medical center, or, in the alternative, that we prohibit the respondent circuit court from making an *in camera* inspection of certain materials requested by the Medical Center. We grant the writ as moulded.

This petition arises out of an action between the Medical Center and Jorge A. Martinez, M.D. On 4 August 1986, the Medical Center summarily suspended Dr. Martinez's staff privileges, and on 4 September 1986, the executive committee of the Medical Center determined that Dr. Martinez was an "impaired physician," but that he might retain his privileges after analysis and treatment of his impairment. On 12 January 1987, the governing board of the Medical Center terminated Dr. Martinez's privileges.

On 10 September 1991, the Board of Medicine issued an order pursuant to *W. Va. Code*, 30–3–14(b) [1989] finding that the Medical Center had failed to report the disciplinary actions against Dr. Martinez and the board assessed a civil penalty against the Medical Center for $7,500.[1]

---

1. *W. Va. Code*, 30–3–14(b) [1989] provides:

Upon request of the board, any medical peer review committee in this state shall report any information that may relate to the practice or performance of any physician or podiatrist known to the medical peer review committee. Copies of such requests for information from a medical peer review committee may be provided to the subject physician or podiatrist if, in the discretion of the board, the provision of such copies will not jeopardize the board's investigation. In the event that copies are so provided, the subject physician or podiatrist is allowed fifteen days to comment on the requested information and such comments must be considered by the board.

After the completion of a hospital's formal disciplinary procedure and after any resulting legal action, the chief executive officer of such hospital shall report in writing to the board within sixty days the name of any member of the medical staff or any other physician or podiatrist practicing in the hospital whose hospital privileges have been revoked, restricted, reduced or terminated for any cause, including resignation, together with all pertinent information relating to such action. The chief executive officer shall also report any other formal disciplinary action taken against any physician or podiatrist by the hospital upon the recommendation of its medical staff relating to professional ethics, medical incompetence, medical malpractice, moral turpitude or drug or alcohol abuse. Temporary suspension for failure to maintain records on a timely basis or failure to attend staff or section meetings need not be reported.

Any professional society in this state comprised primarily of physicians or podiatrists which takes formal disciplinary action against a member relating to professional ethics, professional incompetence, professional malpractice, moral turpitude or drug or alcohol abuse, shall report in writing to the board within sixty days of a final decision the name of such member, together with all pertinent information relating to such action.

Every person, partnership, corporation, association, insurance company, professional society or other organization providing professional liability insurance to a physician or podiatrist in this state shall submit to the board the following information within thirty days from any judgment, dismissal or settlement of a civil action or of any claim involving the insured: The date of any judgment, dismissal or settlement; whether any appeal has been taken on the judgment, and, if so, by which party; the amount of any settlement or judgment against the insured; and such other information as the board may require.

Within thirty days after a person known to be a physician or podiatrist licensed or otherwise lawfully practicing medicine and surgery or podiatry in this state or applying to be so licensed is convicted of a felony under the laws of this state, or of any crime under the laws of this state involving alcohol or drugs in any way, including any controlled substance under state or federal law, the clerk of the court of record in which the conviction was entered shall forward to the board a certified true and correct abstract of record of the convicting court. The abstract shall include the name and address of such physician or podiatrist or applicant, the nature of the offense committed and the final judgment and sentence of the court.

Upon a determination of the board that there is probable cause to believe that any person, partnership, corporation, association, insurance company, professional society or other organization has failed or refused to make a report required by this subsection, the board shall provide written notice to the alleged violator stating the nature of the alleged violation of the time and place at which the

The Medical Center appealed this decision to the Circuit Court of Brooke County.

First, the Board of Medicine contends that the Circuit Court of Brooke County is without jurisdiction to hear this appeal by virtue of *W.Va.Code*, 30-3-14(b) [1989]. Specifically, petitioner points to the language that states:

> If the violator fails to pay the amount of the assessment to the Board within 30 days, the attorney general may institute a civil action in the circuit court of Kanawha County to recover the amount of the assessment.

The petitioner argues that this language vests all jurisdiction for appeals in the Circuit Court of Kanawha County.

However, procedures for appeals of decisions by administrative agencies are governed by the State Administrative Procedures Act, *W.Va.Code*, 29A-1-1 *et seq.* [1964]. *W.Va.Code*, 29A-5-4(a) and (b) [1964] provide:

> (a) Any party adversely affected by a final order or decision in a contested case is entitled to judicial review thereof under this chapter, but nothing in this chapter shall be deemed to prevent other means of review, redress or relief provided by law.

> (b) Proceedings for review shall be instituted by filing a petition, at the election of the petitioner, in either the circuit court of Kanawha county, West Virginia, or with the judge thereof in vaction [sic], or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business, or with the judge thereof in vacation, within thirty days after the date upon which such party received notice of the final order or decision of the agency. A copy of the petition shall be served upon the agency and all other parties of record by registered or certified mail. The petition shall state whether the appeal is taken on questions of law or questions of fact, or both. No appeal bond shall be required to effect any such appeal.

▮ In *W.Va.Code*, 29A-5-5 [1964], the legislature exempted certain state administrative agencies from the requirements of *W.Va.Code*, 29A-5-4 [1964], but it did not exempt the Board of Medicine from these requirements. Therefore, although these overlapping jurisdictional statutes were inartfully drafted, we find that the intention of the legislature is clear. After an adverse decision by the West Virginia Board of Medicine, the party adversely affected may bring a petition for review in either the Circuit Court of Kanawha County or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business.[2] However, jurisdiction of writs of mandamus and prohibition for actions against the West Virginia Board of Medicine is appropriate

---

alleged violator shall appear to show good cause why a civil penalty should not be imposed. The hearing shall be conducted in accordance with the provisions of article five [§ 29A-5-1 et seq.], chapter twenty-nine-a of this code. After reviewing the record of such hearing, if the board determines that a violation of this subsection has occurred, the board shall assess a civil penalty of not less than one thousand dollars nor more than ten thousand dollars against such violator. Anyone so assessed shall be notified of the assessment in writing and the notice shall specify the reasons for the assessment. If the violator fails to pay the amount of the assessment to the board within thirty days, the attorney general may institute a civil action in the circuit court of Kanawha County to recover the amount of the assessment. In any such civil action, the court's review of the board's action shall be conducted in accordance with the provisions of section four [§ 29A-5-4], article five, chapter twenty-nine-a of this code.

Any person may report to the board relevant facts about the conduct of any physician or podiatrist in this state which in the opinion of such person amounts to professional malpractice or professional incompetence.

The board shall provide forms for filing reports pursuant to this section. Reports submitted in other forms shall be accepted by the board.

The filing of a report with the board pursuant to any provision of this article, any investigation by the board or any disposition of a case by the board does not preclude any action by a hospital, other health care facility or professional society comprised primarily of physicians or podiatrists to suspend, restrict or revoke the privileges or membership of such physician or podiatrist.

2. Thereafter, any final decision of the circuit court adversely affecting the petitioner is binding under the doctrine of *res judicata* in a suit brought for collection by the attorney general.

only in the Circuit Court of Kanawha County in accordance with *W.Va.Code*, 53–1–2 [1933] and *W.Va.Code*, 14–2–2 [1976].[3]

The petitioner also argues that the circuit court exceeded his authority by ordering an *in camera* inspection of certain materials requested by the Medical Center, specifically:

1. The entire personnel file and records relating to Jorge A. Martinez, M.D.
2. Copies of all communications and administrative proceedings relating to the failure of any hospital to report disciplinary action pursuant to W.Va. Code § 30–3–14, and as well all communications and disciplinary proceedings with insurers for failure to report settlements in malpractice cases pursuant to W.Va.Code § 30–3–14.

Motion to produce of Weirton Medical Center, not dated.

Petitioner argues that under *W.Va.Code*, 29A–5–4(f) [1964] "review ... shall be upon the record made before the agency." [4] Although the Medical Center alleges "several procedural irregularities" and denial of equal protection, such vague allegations are not sufficient to require a major, full blown trial on an issue entirely unrelated to a disciplinary action under *W.Va.Code*, 29A–5–4(f) [1964].

At oral argument the Medical Center's counsel admitted that the Medical Center did not claim that the Board of Medicine discriminated against it on the basis of sex, race, geographical location, or some other suspect classification. The "irregularities in procedure" spoken of by *W.Va.Code*, 29–5–4(f) [1964] do not include vague allegations of abuses that really amount to nothing more than prosecutorial discretion. Although we may argue on an intellectual level whether it is appropriate, legislatures and courts long ago decided that "government by administrative agency" is a necessary evil.

From a review of the record, we find no legitimate reason to require the Board of Medicine to produce the records of all its past disciplinary proceedings under *W.Va.Code*, 30–3–14 [1989]. As for the records relating to Dr. Martinez' case, the Medical Center should have requested them at the hearing before the Board of Medicine, but the Medical Center did not. *See* Respondent's Memorandum of Law at 3. Apparently, the Medical Center believes that continued delay and harassment will cause the Board of Medicine to drop the $7,500 fine. We decline to add unnecessarily to this harassment.[5] Allegations of substantial procedural irregularities would

3. *W.Va.Code*, 53–1–2 [1933] provides:
   Jurisdiction of writs of mandamus and prohibition (except cases whereof cognizance has been taken by the supreme court of appeals or a judge thereof in vacation), shall be in the circuit court of the county in which the record or proceeding is to which the writ relates. A rule to show cause as hereinafter provided for may be issued by a judge of a circuit court or of the supreme court of appeal in vacation. A writ peremptory may be awarded by a circuit court or a judge thereof in vacation, or by the supreme court of appeals in term.
   *W.Va.Code*, 14–2–2 [1976] provides:
     (a) The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha county:
     (1) Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee.
     (2) Any suit attempting to enjoin or otherwise suspend or affect a judgment or decree on behalf of the State obtained in any circuit court.

     (b) Any proceeding for injunctive or mandamus relief involving the taking, title, or collection for or prevention of damage to real property may be brought and presented in the circuit court of the county in which the real property affected is situate.
     This section shall apply only to such proceedings as are not prohibited by the constitutional immunity of the State from suit under section 35, article VI of the Constitution of the State.

4. *W.Va.Code*, 29–5–4(f) [1964] provides:
     The review shall be conducted by the court without a jury and shall be upon the record made before the agency, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken before the court. The court may hear oral arguments and require written briefs.

5. We do not intend to require the Board of Medicine to rent a U–Haul trailer to transport voluminous records to Brooke County only to satisfy the Medical Center's vague allegations.

provide grounds for reopening, but at oral argument, the Medical Center's counsel was unable to articulate any irregularities of a substantial nature or any specific needs for the material respondent sought for any purpose that we find legitimate. Indeed, we would also allow reopening of the record upon allegation of substantial violations of due process, *(see Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886), and its progeny) but counsel admitted that no violations of this magnitude occurred in the case before us.

Accordingly, we find that the jurisdiction for review of the decision of the Board of Medicine is proper in Brooke County, but we grant a writ prohibiting the Circuit Court of Brooke County from enforcing its order entered 6 February 1992 requiring the Board of Medicine to produce for *in camera* inspection the documents requested by the Medical Center.

Writ Granted as Moulded.