533 S.E.2d 362

STATE of West Virginia ex rel. David STEWART, State Superintendent of Schools, and the West Virginia Department of Education, Petitioners,

v.

The Honorable Jack ALSOP, Judge of the Circuit Court of Clay County, the Board of Education of the County of Clay, and Teresa Ramsey. Respondents.

No. 27658.

Supreme Court of Appeals of West Virginia.

Submitted June 6, 2000.

Decided June 23, 2000.

---

Darrell V. McGraw, Jr., Attorney General, Kelli D. Talbott, Senior Assistant Attorney General, Charleston, West Virginia, Respondent, Attorneys for the Petitioners.

Gregory W. Bailey, Bowles Rice McDavid Graff & Love, Charleston, West Virginia, Attorney for the Respondent, Clay County Board of Education.

Michael C. Farber, Law Office of Michael C. Farber, Sutton, West Virginia, Attorney for the Respondent, Teresa Ramsey.

PER CURIAM:

This case was filed pursuant to the original jurisdiction of this Court. David Stewart, State Superintendent of Schools, and the West Virginia Department of Education, petitioners herein and defendants below (hereinafter collectively referred to as "State Superintendent"), seek a writ of prohibition to prevent the Honorable Jack Alsop, Judge of the Circuit Court of Clay County, respon-

dent, from proceeding with the underlying action filed by Teresa Ramsey, respondent herein and plaintiff below (hereinafter referred to as "Ms. Ramsey").[1] The State Superintendent filed a motion to dismiss on the grounds of improper venue. The circuit court denied the motion. Now, we are asked to decide whether prohibition lies to prevent the circuit court from including the State Superintendent in the underlying action. Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we reverse the decision of the Circuit Court of Clay County and grant the writ.

## I.

### FACTUAL AND PROCEDURAL HISTORY

This case originated as an administrative complaint lodged by Ms. Ramsey against the Board of Education of Clay County (hereinafter referred to as "Clay County Board"). In 1998, Ms. Ramsey filed a grievance against the Clay County Board after it failed to accept her bid on a contract for a school bus route. Ms. Ramsey then filed a Level IV citizen's appeal from the adverse decision with the State Superintendent on December 3, 1998. On December 7, 1998, the State Superintendent summarily dismissed the appeal concluding that Ms. Ramsey failed to state grounds required for an appeal.

Ms. Ramsey did not seek an appeal of the State Superintendent's dismissal in the circuit court. Instead, in June of 1999, Ms. Ramsey filed a civil complaint in the circuit court against the Clay County Board seeking monetary damages for the Clay County Board's failure to award her the contract for the school bus route. The Clay County Board filed a motion to dismiss the complaint. The circuit court found that, as a matter of law, a monetary suit could not be maintained against the Clay County Board. However, the circuit court denied the motion to dismiss and ordered Ms. Ramsey to amend her complaint to seek equitable relief and to include the State Superintendent as a party.

Pursuant to the circuit court's order, in February of 2000, Ms. Ramsey amended her complaint. She sought a writ of mandamus and/or prohibition against the Clay County Board and the State Superintendent. Subsequently on February 25, 2000, the State Superintendent filed a motion to dismiss asserting that venue was improper. The circuit court denied the motion to dismiss. Thereafter, the State Superintendent filed the instant petition for a writ of prohibition against the circuit court.

## II.

### STANDARD FOR ISSUANCE OF WRIT

■ In this proceeding, the State Superintendent contends that the circuit court had no jurisdiction over the case as venue was improper in Clay County. In Syllabus point 1 of *State ex rel. Miller v. Reed*, 203 W.Va. 673, 510 S.E.2d 507 (1998), we held that " '[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari.' " (Quoting Syl. pt. 2, *Cowie v. Roberts*, 173 W.Va. 64, 312 S.E.2d 35 (1984); Syl. pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953)). Accordingly, "[t]o justify this extraordinary remedy, the petitioner[s] ha[ve] the burden of showing that the lower court's jurisdictional usurpation was clear and indisputable and, because there is no adequate relief at law, the extraordinary writ provides the only available and adequate remedy." *State ex rel. Paul B. v. Hill*, 201 W.Va. 248, 254, 496 S.E.2d 198, 204 (1997) (quoting *State ex rel. Allen v. Bedell*, 193 W.Va. 32, 37, 454 S.E.2d 77, 82 (1994) (Cleckley, J., concurring)).

## III.

### DISCUSSION

### A. Nature of the Circuit Court Proceeding

■ Pivotal to the resolution of the instant matter is a determination of the nature of the

---

**1.** The Board of Education of Clay County, which was also named as a defendant in the underlying action, has filed a response herein indicating it takes no position on the merits of this dispute.

proceeding that was actually before the circuit court. The State Superintendent contends that the proceeding before the circuit court was an original action seeking equitable relief. Yet, the circuit court's order treats the matter as an appeal from an administrative proceeding.[2] The State Superintendent has filed an objection to the circuit court's order with this Court contending that the order was not circulated prior to its entry. Additionally, the State Superintendent argues that the order does not reflect what took place during the hearing on its motion to dismiss for improper venue.

The circuit court's order provides that "[t]he alleged action of the State Superintendent of Schools in refusing to hear [Ms. Ramsey's] timely appeal gave rise to a 'contested case' under W. Va.Code § 29A–5–4 such that this court has jurisdiction to review any such case[.]" The record before this Court does not support the circuit court's conclusion. Ms. Ramsey's action was not properly instituted under W. Va.Code § 29A–5–4 [1998] of the State Administrative Procedures Act. To invoke W. Va.Code § 29A–5–4(b) Ms. Ramsey was obligated to seek review "within thirty days after the date upon which [she] received notice of the final order or decision of the agency." Ms. Ram-

sey did not comply with the thirty-day review time period.

Additionally, the proceeding commenced in circuit court against the State Superintendent is not governed by W. Va.Code § 29A–5–4. The caption of Ms. Ramsey's complaint reads: "AMENDED PETITION FOR WRITS OF MANDAMUS AND/OR PROHIBITION." W. Va.Code § 29A–5–4 provides for an *appeal* of an administrative order or decision. *See West Virginia Bd. of Med. v. Spillers*, 187 W.Va. 257, 259, 418 S.E.2d 571, 573 (1992) ("[P]rocedures for appeals of decisions by administrative agencies are governed by the State Administrative Procedures Act."); *Johnson v. Commissioner, Dep't. of Motor Vehicles*, 178 W.Va. 675, 677, 363 S.E.2d 752, 754 (1987) ("That statute is a part of this state's administrative procedures act and generally provides for judicial review of contested administrative cases, allowing a court to reverse, vacate, or modify an agency's decision on certain grounds.").[3] Simply put, the statute at issue does not authorize relief by way of an extraordinary writ.[4]

In view of the foregoing, we find that the proceeding filed by Ms. Ramsey against the State Superintendent was not governed by W. Va.Code § 29A–5–4. Her action was an original complaint for extraordinary relief

---

**2.** The circuit court filed its order denying the dismissal directly with this Court. Ms. Ramsey had filed an order that was not entered by the circuit court. No other response to this Court's rule to show cause was filed by Ms. Ramsey or the circuit court.

**3.** We outlined in Syllabus point 2 of *Shepherdstown Volunteer Fire Department v. State ex rel. State Human Rights Commission*, 172 W.Va. 627, 309 S.E.2d 342 (1983), the extent of judicial review under the State Administrative Procedure Act:

Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory

authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

**4.** Although W. Va.Code § 29A–5–4 governs only appeals from administrative decisions, the statute does not preclude a party from seeking relief from an administrative decision through an extraordinary writ. It is specifically provided under W. Va.Code § 29A–5–4(a) that "nothing in this chapter shall be deemed to prevent other means of review, redress or relief provided by law." *See Halstead v. Dials*, 182 W.Va. 695, 699, 391 S.E.2d 385, 389(1990)(allowing relief by extraordinary writ where appeal of administrative decision would take too long and work an adverse consequence). When a party seeks to challenge an administrative decision through an extraordinary writ, he/she does so under the authority of the statutes permitting such writs. *See* W. Va.Code § 53–1–1, *et seq.*

which was clearly outside the scope of this statute.

### B. Venue in Clay County

 Having determined that the action against the State Superintendent was not an appropriate appeal under W. Va.Code § 29A–5–4, we must also decide whether Clay County was the proper venue in which to litigate Ms. Ramsey's mandamus and/or prohibition proceeding. We have long recognized that "[a]ctions wherein a state agency or official is named, whether as a principal party or third-party defendant, may be brought only in the Circuit Court of Kanawha County." Syl. pt. 2, *Thomas v. Board of Educ., of McDowell County,* 167 W.Va. 911, 280 S.E.2d 816 (1981). *See* Syl. pt. 5, *State ex rel. West Virginia Bd. of Educ. v. Perry,* 189 W.Va. 662, 434 S.E.2d 22 (1993). We observed in *West Virginia Board of Medicine v. Spillers,* 187 W.Va. 257, 259–60, 418 S.E.2d 571, 573–74 (1992), that "jurisdiction of writs of mandamus and prohibition for actions against [a state agency or official] is appropriate only in the Circuit Court of Kanawha County in accordance with ... W. Va.Code § 14–2–2."[5] Further, "[w]e have consistently held that the provisions of W. Va.Code § 14–2–2, as amended, are exclusive and controlling as to other general venue provisions." *Vance v. Ritchie,* 178 W.Va. 155, 157, 358 S.E.2d 239, 241 (1987). *See State ex rel. West Virginia Bd. of Educ. v. Perry,* 189 W.Va. 662, 668, 434 S.E.2d 22, 28 (1993) ("[I]t is equally clear that such a mandamus action must be brought in the Circuit Court of Kanawha County because the [defendant] and its members constitute a public agency, and public officials are entitled to the benefit of the venue provisions of W. Va.Code § 14–2–2."); Syl. pt. 2, *Blower v. West Virginia Educ. Broad. Auth.,* 182 W. Va. 528, 182 W.Va. 528, 389 S.E.2d 739 (1990) ("The West Virginia Educational Broadcasting Authority is a public agency and is entitled to the special venue provisions of W. Va.Code, 14–2–2 (1976)"); Syl. pt. 5, *Shobe v. Latimer,* 162 W.Va. 779, 253 S.E.2d 54 (1979) ("When a state officer is properly made a party defendant in a civil action, venue is controlled and determined by W. Va.Code § 14–2–2."); Syl. pt. 2, in part, *Taylor v. Baltimore & Ohio R.R. Co.,* 138 W.Va. 313, 75 S.E.2d 858 (1953) ("[T]he venue for a proceeding in mandamus against the State Road Commission is in Kanawha County, notwithstanding that a private corporation is a joint defendant along with such Commission.").[6]

The State Superintendent is a state official in a state agency. Consequently, the proper venue for Ms. Ramsey's action against the State Superintendent is Kanawha County. Thus, the circuit court of Clay County had no jurisdiction over the State Superintendent. Therefore, it was error to deny the petitioners' motion to dismiss. *See State ex rel. Riffle v. Ranson,* 195 W.Va. 121, 126, 464 S.E.2d 763, 768 (1995) ("To be clear, the West Virginia Legislature is the paramount authority for deciding and resolving policy issues pertaining to venue matters. Once the Legislature indicates its preference by the enactment of a statute, the Court's role is limited. Our duty is to interpret the statute, not to expand or enlarge upon it.").

---

**5.** The venue provision of W. Va.Code § 14–2–2 [1976] provides in relevant part:

(a) The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha county:

(1) Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee.

**6.** We note that there are exceptions to the general rule that actions involving the State have their proper venue in Kanawha County. See, e.g., *Syllabus, Vance v. Ritchie,* 178 W.Va. 155, 358 S.E.2d 239 (1987) (An action in mandamus to compel the State Commissioner of Highways to institute condemnation proceedings and pay a property owner just compensation for damage done to his or her real property as a result of road work conducted by the State Department of Highways or agents thereof is within the contemplation of W.Va.Code, 14–2–2(b) [1976] relating to "[a]ny proceeding for injunctive or mandamus relief involving the taking, title, or collection for or prevention of damage to real property" which establishes proper venue in the "circuit court of the county in which the real property affected is situate."); Syl. pt. 3, *Pittsburgh Elevator Co. v. West Virginia Bd. of Regents,* 172 W.Va. 743,172 W.Va. 743, 310 S.E.2d 675 (1983) ("The exclusive venue provision of W.Va.Code § 14–2–2 is not applicable to a cause of action wherein recovery is sought against the liability insurance coverage of a state agency.").

This Court has previously utilized a writ of prohibition to preclude a trial court from proceeding to hear a case where venue was improper under W. Va.Code § 14–2–2. *See, e.g., State ex rel. West Virginia Bd. of Educ. v. Perry,* 189 W.Va. 662, 434 S.E.2d 22 (1993); *State ex rel. Ritchie v. Triplett,* 160 W.Va. 599, 236 S.E.2d 474 (1977). The rationale for a writ of prohibition is set out in Syllabus point 2 of *State ex rel. Winter v. MacQueen,* 161 W.Va. 30, 239 S.E.2d 660 (1977): "Prohibition will lie to prohibit a judge from exceeding his legitimate powers." In the case *sub judice,* a writ of prohibition is proper to preclude the circuit court from requiring the State Superintendent to remain a party to the underlying action.

## IV.

## CONCLUSION

For the foregoing reasons, a writ of prohibition is granted prohibiting the Circuit Court of Clay County from including the State Superintendent in this case.

Writ granted.