599 S.E.2d 822

**Max CROW and Gary Wroblewski, Appellants Below, Appellants**

v.

**WAYNE COUNTY BOARD OF EDUCATION, Appellee Below, Appellee**

**No. 31626.**

Supreme Court of Appeals of West Virginia.

Submitted April 27, 2004.

Decided June 17, 2004.

Starcher, J., filed dissenting opinion.

Charles F. Donnelly, Esq., Jeffrey G. Blaydes, Esq., Donnelly & Carbone, PLLC, Charleston, for Appellants.

David A. Lycan, Esq., David Lycan, L.C., Wayne, for Appellee.

PER CURIAM.

This is an appeal by Max Crow and Gary Wroblewski from a decision of the Circuit Court of Kanawha County in a school teacher grievance case. The appellants, who were ordered to perform duties which they claimed were non-professional and outside the scope of their job definitions, filed grievances with the Wayne County Board of Education. Those grievances were denied at the administrative level, and the Circuit Court of Kanawha County affirmed the denials. On appeal, the appellants claim that the Wayne County Board of Education illegally modified their employment responsibilities and that their grievances should be granted. They also claim that the Wayne County Board of Education has taken retaliatory action against them. They pray that this Court order that they be restored to their former teaching positions, and that the Wayne County Board of Education be directed to desist from further retaliatory action.

I.

FACTS

The appellant, Max Crow, is a certified math teacher, and the appellant, Gary Wroblewski, is a certified social studies and special education teacher. Both held teaching positions at the Wayne County Alternative Education Center during the 2000–2001 school year.

In March 2001, the Wayne County Board of Education, which had determined that school bus aides needed to accompany students on school buses going to and from the Wayne County Alternative Education Center, requested that the appellants either agree to ride school buses daily, in addition to performing their teaching duties, or that they be placed on the teacher transfer list.

The appellants refused to accept the additional duties, and they were placed on the teacher transfer list. Additionally, the Wayne County Board of Education modified the job descriptions for the appellants' 2001–2002 positions to require the holders of the positions in the future to serve as school bus aides or chaperones.

The appellants, who did not apply for the modified positions, were transferred from the Wayne County Alternative Education Center to the Crum Middle School. Shortly thereafter, however, they were transferred back to their former positions, as modified, at the Wayne County Alternative Education Cen-

ter. The transfer included the requirement that they perform school bus aide duties.

Following their transfer back to the Wayne County Alternative Education Center, the appellants filed grievances in which they claimed that school bus aide duties were outside the professional teacher duties for teachers as prescribed by West Virginia law. They also, in essence, claimed that the school bus aide duties were service personnel duties. They took the position that it was improper for the Wayne County Board of Education to require them to perform service personnel duties, in addition to professional teaching duties, without their consent.

The appellants' grievances were denied at the administrative levels. The administrative law judge who ultimately considered the case recognized that a school bus aide was normally in the service personnel category, but went on to conclude that the joinder of aide duties with the appellants' professional responsibilities was proper and that any error committed by the school board was harmless.

The appellants appealed the administrative law judge's decision to the Circuit Court of Kanawha County.

While the appeal was pending in the circuit court, the appellants claimed that the Wayne County Board of Education took retaliatory action against them. They stated that they were reprimanded for filing grievances and that they were instructed to discuss only "appropriate topics" and not grievances and "disgruntled" issues. They also claimed that they were subjected to dress codes and other conditions not applicable to other teachers. Finally, they asserted that they had received unsatisfactory performance evaluations in sharp contrast to what they had received before they filed their grievances. On October 29, 2002, the appellants moved that the circuit court enjoin or issue a writ of mandamus prohibiting further retaliatory action.

On March 18, 2003, the circuit court, without ruling on the motion to enjoin or prohibit retaliatory action, affirmed the denial of the appellants' grievances.

The appellants now appeal from the circuit court's decision claiming that the joinder of school service personnel duties to their professional teaching duties without their consent was inappropriate and that the circuit court erred in holding that it was appropriate. They also claim that the circuit court erred in ruling in their case without ruling on their motions to enjoin or prohibit retaliatory action.

## II.

### STANDARD OF REVIEW

▇▇▇ Recently, in Syllabus Point 1 of *Cahill v. Mercer County Board of Education,* 208 W.Va. 177, 539 S.E.2d 437 (2000), this Court stated:

> Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.

Additionally, in W. Va.Code 18–29–7, the Legislature has indicated that the decision of a hearing examiner should be final unless it is contrary to the law or that the hearing examiner acted in excess of his statutory authority, or that the decision was a result of fraud or deceit, or was clearly wrong in view of the probative and substantial evidence in the record as a whole, or, finally, was arbitrary, capricious or characterized by an abuse of discretion or by a clearly unwarranted exercise of discretion.

## III.

### DISCUSSION

▇▇▇ As has previously been indicated, the appellants claim that the Circuit Court of Kanawha County wrongfully merged school service personnel duties into their school teaching positions.

West Virginia Code 18A–1–1(a) specifically provides that: "School personnel shall be comprised of two categories: Professional personnel and service personnel." The two types of personnel are defined in different ways. Professional personnel are described as persons who meet certification requirements of the state or licensing requirements of the state, or both, and include professional educators or other professional employees. It is also states that "professional educators" has the same meaning as teacher as defined by the Code. W. Va.Code 18A–1–1(b) and (c). "Service personnel," on the other hand, are defined by W. Va.Code 18A–1–1(e), which states: " 'Service personnel' means those who serve the school or schools as a whole, in a nonprofessional capacity, including such areas as secretarial, custodial, maintenance, transportation, school lunch and as aides."

In *Martin v. Randolph County Board of Education,* 195 W.Va. 297, 465 S.E.2d 399 (1995), this Court analyzed West Virginia's school personnel classification scheme. It noted the creation of the two classifications discussed previously, and analyzed the situation of the individual whose position was in issue. The Court concluded that the two classes of personnel were distinct, and stated: "[U]nder our statutory scheme, [a school employee] ... must be either one or the other." *Martin v. Randolph County Board of Education, id.* at 312, 465 S.E.2d at 414. In the later case of *Akers v. Board of Education of the County of Raleigh,* 214 W.Va. 337, 589 S.E.2d 221 (2003), the Court again noted that all school personnel positions must be either service or professional under our statutory scheme.

■ In *Martin v. Randolph County Board of Education, supra,* the Court indicated that at the heart of the classification process was the character of work to be performed in a job. The clear implication of the Court's decisions is that the Legislature contemplated that school jobs be either of a professional or of a service type character, and that they cannot be both. The logical extension of this is that the melding of professional and service duties into one job, regardless of whether it is formally designated "professional" or "service," is counter to the legislative design of the classification system. In line with this, this Court believes that positions within school systems must be designed and described in such a way as to encompass either professional duties covered by the legislative provisions governing professional positions or service duties governed by the provisions relating to service positions, but not both.

By definition, teachers such as the appellants in the present case, are "professional personnel." W. Va.Code 18A–1–1(b). Conversely, aides are "service personnel." *See,* W. Va.Code 18A–4–8.

In examining the facts of the present case, it appears to the Court that the Wayne County Board of Education did attempt to merge service position duties into the appellants' professional position descriptions, and that in so doing the Wayne County Board of Education acted contrary to the law. The Court also believes that the Circuit Court of Kanawha County erred in affirming the decision of the administrative law judge relating to this.

■ The Court notes that the appellants claim that the trial court erred in ruling in the case without addressing their rights to injunctive relief and a writ of mandamus.

■ It goes without saying that this Court has recognized that retaliatory action by an employer is inappropriate against an employee who has sought to protect his or her legal rights. *See, e.g., State ex rel. Hawkins v. Tyler County Board of Education,* 166 W.Va. 363, 275 S.E.2d 908 (1980). However, the grievances in the present case were prosecuted pursuant to the grievance procedure established by the Legislature in W. Va.Code 18–29–1, *et seq.* The appeal before the circuit court was taken pursuant to the provisions of W. Va.Code 18–29–7. Such appeals are similar to appeals under West Virginia's Administrative Procedure Act, W. Va.Code 29A–5–4. *Randolph County Board of Education v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989). Where an appeal of an administrative decision is taken pursuant to W. Va. Code 29A–5–4, the Court has held that relief by extraordinary remedy, such as by mandamus, is not authorized. One seeking relief by extraordinary remedy must follow the

specific procedures prescribed by statute permitting such remedies. *See, State ex rel. Stewart v. Alsop,* 207 W.Va. 430, 533 S.E.2d 362 (2000). In light of this, the Court concludes that the circuit court, in the present case, did not err in refusing to act on the appellants' motions for mandamus and injunctive relief.

For the reasons stated, the judgment of the Circuit Court of Kanawha County is reversed, and it is directed that the appellants be restored to their professional positions without the requirement that they perform school bus aide duties in conjunction with the performance of their professional duties.

Reversed and remanded with directions.

STARCHER, Justice, dissenting.

In schools all over West Virginia, teachers are regularly assigned to do their share of duty as hall monitors, bathroom monitors, and lunchroom monitors—during their normal work day. No one argues that school boards cannot legally assign teachers to do this monitoring work. Legally, there is no difference between this monitoring work and monitoring children on a bus.

The majority opinion cites no authority for its conclusion that requiring a teacher to do student monitoring (on a bus, or anywhere else) during the teacher's regular work day is an illegal "merger" of tasks.

The majority opinion also omits any discussion of the fact that assigning these teachers in the instant case to do bus monitor duty occurred in order to stop incidents on the school bus that were caused by Alternative School students. These teachers work at the Alternative School, know these students, and are in a good position to monitor and influence the students' behavior.

I believe in creating and using Alternative Schools—to help keep "kids in trouble" in the school system. If we make it harder to run Alternative Schools, we will have less of them—but the fact is, we need *more* of them.

Circuit Judge King wrote a thoughtful and well-reasoned opinion upholding the Grievance Board decision. I would affirm Judge King's decision.

I caution teachers, school service personnel, and the Grievance Board against relying on the *per curiam* opinion in the instant case—especially to try to restrain school boards from requiring teachers to monitor students as part of a teacher's daily work duties. The majority opinion, as I see it, is *sui generis,* result-oriented, limited to its facts, and has no precedential value.