629 S.E.2d 733

STATE of West Virginia ex rel. Joseph CICCHIRILLO, Commissioner, West Virginia Division of Motor Vehicles, Petitioner

v.

The Honorable Jack ALSOP, Judge of the Circuit Court of Braxton County; Lonnie D. Rose and Rita M. Tonkin, Respondents.

No. 32876.

Supreme Court of Appeals of West Virginia.

Submitted: Jan. 24, 2006.

Decided: April 7, 2006.

Darrell V. McGraw, Jr., Esq., Attorney General, Janet E. James, Esq., Assistant At-

torney General, Charleston, for Joseph Cicchirillo, Commissioner, Division of Motor Vehicles.

Howard J. Blyler, Esq., Cowen, for Honorable Jack Alsop, Judge of the Fourteenth Judicial Circuit.

MAYNARD, Justice.

Petitioner Joseph Cicchirillo, Commissioner of the West Virginia Division of Motor Vehicles (hereafter "the Commissioner"), seeks a writ of prohibition to prevent the enforcement of a portion of the July 5, 2005, final order of Respondent, the Honorable Jack Alsop, Judge of the Fourteenth Judicial Circuit, that ordered the Commissioner to cease the use of certain procedures in license revocation proceedings and directed the Commissioner to draft new procedures which are subject to the circuit court's review. For the reasons that follow, we grant the writ of prohibition.

## I.

## FACTS

The Commissioner revoked the licenses of Respondents Rita Tonkin and Lonnie D. Rose for driving under the influence of alcohol (hereafter "DUI"). Ms. Tonkin, a resident of Gilmer County, and Mr. Rose, a resident of Braxton County, filed petitions for appeal in the circuit courts of their respective counties. The appeals were heard by Judge Jack Alsop, Judge of the Fourteenth Judicial Circuit which includes both Braxton and Gilmer Counties.[1]

In the hearing before the circuit court, Ramona Ward, the hearing examiner in both Mr. Rose's and Ms. Tonkin's administrative hearings, testified that she prepared recommended orders dismissing both Mr. Rose's and Ms. Tonkin's cases due to insufficient evidence to warrant license revocations. John T. Bonham, II, Assistant General Counsel to the Division of Motor Vehicles (hereafter "DMV"), testified that he reviewed Ms. Ward's recommended orders before they were seen by the Commissioner. According

to Mr. Bonham, he believed that Ms. Ward's recommended orders were incorrect, in that she did not properly consider the totality of the evidence, and that the facts in the record supported the revocation of Mr. Rose's and Ms. Tonkin's licenses. Accordingly, Mr. Bonham redrafted the recommended orders to propose that Mr. Rose's and Ms. Tonkin's licenses be revoked. The Commissioner thereafter accepted Mr. Bonham's recommended orders and revoked the licenses of Mr. Rose and Ms. Tonkin.

In its July 5, 2005, order, the circuit court found that the procedures used by the DMV wherein staff employees substitute their findings for those of the hearing examiner assigned to the case are without statutory authority and thus denied the parties their due process rights. The circuit court therefore reversed Mr. Rose's and Ms. Tonkin's license revocations. Further, the court ordered that,

3) The Commissioner shall forthwith cease and desist the unconstitutional procedures currently being implemented in revocation of license proceedings, as defined herein.

4) In accordance with the principles enunciated herein, the Commissioner shall draft rules and regulations, requiring the hearing examiner's recommendations to be signed and submitted to the Commissioner for his consideration.

5) Any decision by the Commissioner to modify, vacate, reverse, or reject, the hearing examiner's recommendations shall set forth written findings, to allow a meaningful appellate review.

6) This Court retains jurisdiction to review the proposed regulations which shall be submitted within ninety (90) days to this Court.

In his petition for a writ of prohibition, the Commissioner does not challenge the circuit court's conclusion that the practice of permitting staff personnel to substitute their judgment for that of the hearing examiner violates Mr. Rose's and Ms. Tonkin's due

---

1. Mr. Rose's and Ms. Tonkin's cases were consolidated below by order of the circuit court dated March 31, 2005.

process rights or the circuit court's reversal of Mr. Rose's and Ms. Tonkin's license revocations. Rather, he seeks to prevent the enforcement of the circuit court's directives set forth in paragraphs three through six above.[2] We granted a rule to show cause. For the reasons that follow, we now grant the writ.

## II.

### STANDARD OF REVIEW

Concerning the standard of review applicable to a writ of prohibition, this Court has explained that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W.Va.Code* 53-1-1." Syllabus Point 2, *State ex rel. Peacher v. Sencindiver,* 160 W.Va. 314, 233 S.E.2d 425 (1977). "The writ [of prohibition] lies as a matter of right whenever the inferior court (a) has not jurisdiction or (b) has jurisdiction but exceeds its legitimate powers and it matters not if the aggrieved party has some other remedy adequate or inadequate." *State ex rel. Valley Distributors, Inc. v. Oakley,* 153 W.Va. 94, 99, 168 S.E.2d 532, 535 (1969).[3] Further,

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996). With these standards to guide us, we now determine the propriety of granting a writ of prohibition in the instant case.

## III.

### DISCUSSION

In support of his petition for a writ of prohibition, the Commissioner asserts that the circuit court exceeded the legitimate scope of its authority in reviewing contested cases under the Administrative Procedures Act as set forth in W.Va.Code § 29A-5-4 (1998). He also avers that the circuit court's final order violates this Court's separation of powers doctrine.[4] Respondent circuit court

---

2. During oral argument before this Court, counsel for Respondent circuit court asserted that the Commissioner does not challenge the portion of the circuit court's order directing the Commissioner to cease and desist the procedures utilized in revocation proceedings that the circuit court found unconstitutional. This Court's reading of the Commissioner's brief in support of his petition for a writ of prohibition, however, indicates that the Commissioner does challenge this portion of the circuit court's order.

3. According to W.Va.Code § 53-1-1 (1923),

The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers.

4. Article V, Section 1 of the West Virginia Constitution provides,

The legislative, executive and judicial departments shall be separate and distinct, so that neither shall exercise the powers properly belonging to either of the others; nor shall any person exercise the powers of more than one of them at the same time, except that justices of the peace shall be eligible to the legislature. In the recent case of *In Re: Brandon Lee H.S.,* 218 W.Va. 724, 629 S.E.2d 783, 2006 WL 902179 (No. 32872, April 6, 2006), this Court determined, *inter alia,* that the separation of powers doctrine prevented a circuit court from requiring the West Virginia Department of Health and Human Resources to use geographic pay differentials to immediately fill vacant Child Protective Services positions. Because of the way in which we dispose of this case, we do not

replies essentially that having found that the DMV's procedures were improper, it then had the power to order that corrective actions be taken by the DMV.[5] According to the circuit court, absent such power the effective administration of justice and the enforcement of due process protections are impeded.

■ We agree with the Commissioner that the circuit court exceeded the legitimate scope of its authority in reviewing contested cases under the Administrative Procedures Act (hereafter "the Act"). Mr. Rose's and Ms. Tonkin's appeals of the Commissioner's final order were brought pursuant to W.Va. Code § 29A–5–4 of the Act. *See W.Va. Bd. of Medicine v. Spillers*, 187 W.Va. 257, 259, 418 S.E.2d 571, 573 (1992) ("[P]rocedures for appeals of decisions by administrative agencies are governed by the State Administrative Procedures Act."). According to W.Va.Code § 29A–5–4, in part:

(a) Any party adversely affected by a final order or decision in a contested case is entitled to judicial review thereof under this chapter, but nothing in this chapter shall be deemed to prevent other means of review, redress or relief provided by law.

(b) Proceedings for review shall be instituted by filing a petition, at the election of the petitioner, in either the circuit court of Kanawha County, West Virginia or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business[.]

In addition, W.Va.Code § 29A–5–4(g) provides:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedures; or

(4) Affected by other error of law; or

(5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Concerning a circuit court's authority in reviewing contested cases under W.Va.Code § 29A–5–4, this Court has held:

Upon judicial review of a contested case under the West Virginia Administrative Procedure[s] Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Syllabus Point 2, *Shepherdstown V.F.D v. W.Va. Human Rights*, 172 W.Va. 627, 309 S.E.2d 342 (1983). We find that the unambiguous provisions of W.Va.Code § 29A–5–4 and this Court's prior holdings indicate that W.Va.Code § 29A–5–4 does not vest circuit courts reviewing administrative appeals of contested cases with the authority to order an agency to cease a certain practice or to direct an agency to promulgate new procedural rules which are subject to the circuit court's review. Rather, a circuit court's disposition of an administrative appeal is limited to affirming, remanding, reversing, vacating,

find it necessary to discuss the separation of powers doctrine.

**5.** Respondents Tonkin and Rose did not file a brief in response to the Commissioner's petition for a writ of prohibition.

or modifying the agency's disposition of a contested case.

Our conclusion is further supported by this Court's decision in *State ex rel. Stewart v. Alsop*, 207 W.Va. 430, 533 S.E.2d 362 (2000). In *Stewart*, the complainant lodged an administrative complaint against the Board of Education of Clay County. After an adverse decision, the complainant filed a Level IV citizen's appeal with the State Superintendent of Schools which was summarily dismissed. Instead of appealing the State Superintendent's dismissal, the complainant sought a writ of mandamus and/or prohibition in the Circuit Court of Clay County against the Clay County Board and the State Superintendent. The State Superintendent responded by filing a motion to dismiss in which he asserted that venue was improper, and the circuit court denied the motion. The State Superintendent then sought a writ of prohibition in this Court to prevent the Circuit Court of Clay County from proceeding with the complainant's action.

This Court first discussed the nature of the complainant's action before the circuit court. The State Superintendent contended that the proceeding was an original action seeking equitable relief while the circuit court treated the matter as an appeal from an administrative proceeding. We disagreed with the circuit court and found that the complainant's action was not properly instituted under W.Va.Code § 29A–5–4 of the Administrative Procedures Act. After noting that the complaint below was styled "Amended Petition for Writs of Mandamus and/or Prohibition," this Court explained that W.Va.Code § 29A–5–4 provides for an *appeal* of an administrative decision. We concluded that "[s]imply

put, [W.Va.Code § 29A–5–4] does not authorize relief by way of an extraordinary writ." 207 W.Va. at 433, 533 S.E.2d at 365.[6]

Significantly, in the instant case, the challenged portions of the circuit court's order grant essentially extraordinary relief against the DMV. Specifically, the circuit court ordered what amounts to mandamus relief by seeking to compel the Commissioner to replace his procedural rules with new rules which are subject to the circuit court's review. *See Puritan Coal Corp. v. Davis*, 130 W.Va. 20, 32, 42 S.E.2d 807, 813 (1947) (opining that "[t]he writ of mandamus will issue to compel the performance of a duty which devolves by law upon public officers or others against whom the writ may be invoked ...."). We believe, however, that just as W.Va.Code § 29A–5–4 does not authorize relief by way of an extraordinary writ, neither does it authorize a circuit court to *sua sponte* order what is essentially extraordinary relief in its final order disposing of an administrative appeal.

Therefore, we now hold that in a circuit court's final disposition of an administrative appeal pursuant to W.Va.Code § 29A–5–4 (1998) of the Administrative Procedures Act, the circuit court is not authorized to order a State administrative agency to cease the use of certain procedures and to direct the State agency to draft and implement new procedures which are subject to the circuit court's review. Accordingly, to the extent that the circuit court's July 5, 2005, final order directed the Commissioner to cease utilizing certain procedures and to draft new procedural rules subject to the circuit court's review, we find that the order constitutes clear error as a matter of law.

---

**6.** We noted in *Stewart*, however, that,

    Although W.Va.Code § 29A–5–4 governs only appeals from administrative decisions, the statute does not preclude a party from seeking relief from an administrative decision through an extraordinary writ. It is specifically provided under W.Va.Code § 29A–5–4(a) that "nothing in this chapter shall be deemed to prevent other means of review, redress or relief provided by law." *See Halstead v. Dials*, 182 W.Va. 695, 699, 391 S.E.2d 385, 389 (1990) (allowing relief by extraordinary writ where appeal of administrative decision would take too long and work an adverse consequence). When a party seeks to challenge an administrative decision through an extraordinary writ, he/she

does so under the authority of the statutes permitting such writs. *See* W.Va.Code § 53–1–1, *et seq.*
207 W.Va. at 433 fn. 4, 533 S.E.2d at 365 fn. 4. More recently, this Court held in Syllabus Point 2 of *Scott v. Stewart*, 211 W.Va. 1, 560 S.E.2d 260 (2001),

    Absent an express statutory provision to the contrary, West Virginia Code § 29A–5–4 (1998) does not preclude a party from seeking relief from an administrative decision through an extraordinary writ. A party seeking to challenge an administrative decision by means of an extraordinary writ does so under the authority of the statutes permitting such writs.

In sum, we find that the circuit court exceeded its legitimate authority in its review of an administrative appeal pursuant to W.Va.Code § 29A–5–4 and committed a clear error of law in ordering the Commissioner to cease certain practices, in directing the Commissioner to draft new rules, and in retaining jurisdiction to review the rules. When this Court determines whether to issue the writ of prohibition for cases where the lower tribunal exceeded its legitimate powers, we give substantial weight to the existence of clear error as a matter of law. Therefore, in the instant case, we grant the writ of prohibition prayed for by the Commissioner.[7]

## IV

## CONCLUSION

For the reasons stated above, the writ of prohibition sought by the Commissioner is granted.

Writ granted.

---

7. Nothing in this opinion affects the inherent power of a court to issue injunctive or similar orders in aid of the court's jurisdiction, to prevent irreparable harm, or for other equitable purpose, in connection with a pending case. *See, e.g.,* Syllabus Point 2, *Rorer v. Holston Nat. Bldg. & Loan Ass'n,* 55 W.Va. 255, 46 S.E. 1018 (1904); *Foster v. Sakhai,* 210 W.Va. 716, 724, 559 S.E.2d 53, 61 (2001). Nor does this opinion affect the power of courts to order special masters, receivership, or fashion other ongoing equitable relief to correct unconstitutional conditions, i.e., *Brown v. Board of Education,* 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954).