591 S.E.2d 761

**April L. KING and David A. King, as parents and natural guardians of Emily King, a minor, Plaintiffs Below, Appellants,**

v.

**David HEFFERNAN, M.D.; Cabell Huntington Hospital, Inc., a West Virginia corporation; and The University of West Virginia Board of Trustees, Defendants Below, Appellees.**

No. 31321.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 2003.

Decided Dec. 3, 2003.

William S. Druckman, Esq., Madonna C. Estep, Esq., The Law Offices of William S. Druckman, Charleston, for Appellants.

David L. Shuman, Esq., Dwayne E. Cyrus, Esq., Roberta F. Green, Esq., Shuman, McCuskey & Slicer P.L.L.C., Charleston, for Appellee The University of West Virginia Board of Trustees.

Thomas L. Craig, Esq., Rebecca C. Brown, Esq., Todd A. Biddle, Esq., Bailes, Craig & Yon, Huntington, for Appellee Cabell Huntington Hospital, Inc.

Stephen Burchette, Esq., Offutt, Fisher & Nord, Huntington, for Appellee David Heffernan, M.D.

MCGRAW, Justice.

This case is before this Court on appeal by April L. King and David A. King, as the parents and natural guardians of their daughter, Emily King, a minor ("Appellants"), from an order of the Circuit Court of Kanawha County, which dismissed for lack of venue Appellants' medical negligence claim against Appellees David Heffernan, M.D., Cabell Huntington Hospital, Inc., and the University of West Virginia Board of Trustees (hereinafter collectively referred to as "Appellees").

836

For the reasons discussed herein, the order of the circuit court, entered October 3, 2002, is reversed and this case is remanded for further proceedings.

## I.

## FACTS

Appellants instituted this medical negligence claim in the Circuit Court of Kanawha County, alleging the Appellees caused severe and permanent injuries to their infant daughter during the child's delivery at Appellee Cabell Huntington Hospital, located in Cabell County, West Virginia. *Complaint,* filed November 15, 2001. On or about January 18, 2002, Appellee University of West Virginia Board of Trustees filed a motion to dismiss on the ground that Appellants failed to limit the amount of damages they intend to seek to the limits of liability of the insurance provided to Appellee University of West Virginia Board of Trustees.[1]

On February 14, 2002, the circuit court entered an *Agreed Order Amending the Complaint,* which ordered the complaint be amended to include specific language indicating that Appellants seek recovery from the West Virginia Board of Trustees "under and up to the limits of the state liability insurance coverage as acquired under the authority of West Virginia Code § 29–12–5." *Agreed Order Amending the Complaint,* entered February 14, 2002.

 Subsequently, Appellee University of West Virginia Board of Trustees filed a motion to dismiss, or in the alternative, for a transfer of venue, arguing that University of West Virginia Board of Trustees "no longer exists as an entity and did not exist at the time of the filing of the Plaintiffs' Complaint and Amended Complaint," and that "[a]ll duties and obligations of [The University of West Virginia Board of Trustees] had been transferred by statute to another state entity, the Marshall University Board of Governors, prior to the filing of Plaintiffs' Complaint and Amended Complaint."[2] *Defendant, The University of West Virginia Board of Trustees' Motion to Dismiss, or in the Alternative, for a Transfer of Venue,* filed June 12, 2002. Appellee University of West Virginia Board of Trus-

---

**1.** *See Parkulo v. W.Va. Bd. of Probation,* 199 W.Va. 161, 483 S.E.2d 507 (1996) (holding, *inter alia,* that under *W.Va.Code* § 29–12–5(a), the State Board of Risk and Insurance Management is required to purchase or contract for insurance, which insurance policy "shall provide that the insurer shall be barred and estopped from relying upon the constitutional immunity of the State" against claims; and further holding, *inter alia,* that this Court will review claims against the State brought under *W.Va.Code* § 29–12–5 provided the plaintiffs allege "the recovery sought is limited to the applicable insurance coverage[.]" *Parkulo,* at syl. pts. 2 and 3, in part).

**2.** Arguably, various amendments made to Chapter 18B of the West Virginia Code beginning in the year 2000 indicate that the Marshall University Board of Governors, rather than University of West Virginia Board of Trustees, is the proper party defendant in this case; consequently, it appears that dismissal as against University of West Virginia Board of Trustees under *W.Va. R. Civ. P.* 12(b)(6) would have been appropriate. However, the circuit court dismissed the entire matter, without prejudice, on the ground of improper venue. *See W.Va. R. Civ. P.* 12(b)(3). In the interest of judicial economy, this Court will address the venue issue under the presumption that, if the lower court had dismissed the claim against University of West Virginia Board of Trustees under W.Va. R. Civ. P. 12(b)(6), Appellants would have simply reinstituted the instant case against the Marshall University Board of Governors and the other Appellees in the Circuit Court of Kanawha County, under *W.Va.Code* § 14–2–2.

Upon remand, Appellants should amend their Complaint to substitute Marshall University Board of Governors as a proper party defendant, under *W.Va.R.Civ.P.* 15 ("Amended and supplemental pleadings"). Rule 15(a) requires that leave to amend "shall be freely given when justice so requires." *Id.,* in relevant part. The purpose of this phrase
> 'is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue.' Syllabus Point 3, *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973).

Syl. pt. 5, in part, *Brooks v. Isinghood,* 213 W.Va. 675, 584 S.E.2d 531 (2003). *See id.,* 213 W.Va. at 684, 584 S.E.2d at 540 ("The goal behind Rule 15 ... is to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties." (Citation omitted)).

tees argued further that "[v]enue is not proper in Kanawha County as all the Defendants, including the Marshall University Board of Governors (improperly· sued as [University of West Virginia Board of Trustees]) are residents of Cabell County." *Id.*

By order entered October 3, 2002, the circuit court dismissed the instant action, finding that

> The University of West Virginia Board of Trustees has been statutorily abolished, and that the same has been replaced by the individual institutional boards of governors for various colleges and universities, including the Marshall University Board of Governors. For purposes of the instant lawsuit, the Marshall University Board of Governors has the statutory right to sue and be sued. This body governs Marshall University only, and, while it is a state agency for immunity purposes, is not such a 'state agency' as to confer venue to Kanawha County.

*Order,* entered October 3, 2002.

The circuit court concluded that, therefore, venue was improper in the Circuit Court of Kanawha County, but, instead, properly lies in the Circuit Court of Cabell County. *Id.* It is from this order that Appellants now appeal.

## II.

### STANDARD OF REVIEW

■ It is well settled that this Court reviews *de novo* a circuit court's order granting

---

According to the Complaint, the alleged negligence in this case occurred in September 2000. Thus, Appellants will be changing a party against whom the negligence claim is asserted after the statute of limitations has expired. Rule 15(c) " 'expressly provides that an amendment that changes the parties *relates back* to the date of the original pleading, thereby avoiding the effect of the statute of limitations if—*but only if*-certain conditions are satisfied.' " *Brooks*, 213 W.Va. at 684, 584 S.E.2d at 540 (*quoting Peneschi v. Nat'l Steel Corp.*, 170 W.Va. 511, 523, 295 S.E.2d 1, 13 (1982) (emphasis provided).). This Court set forth those conditions in syllabus points 4, 8 and 9 of *Brooks, supra:*

4. Under Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure* [1998], an amendment to a complaint changing a defendant or the naming of a defendant will relate back to the date the plaintiff filed the original complaint if: (1) the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence as that asserted in the original complaint; (2) the defendant named in the amended complaint received notice of the filing of the original complaint and is not prejudiced in maintaining a defense by the delay in being named; (3) the defendant either knew or should have known that he or she would have been named in the original complaint had it not been for a mistake; and (4) notice of the action, and knowledge or potential knowledge of the mistake, was received by the defendant within the period prescribed for commencing an action and service of process of the original complaint.

8. 'Where a plaintiff seeks to change a party defendant by a motion to amend a complaint under Rule 15(c) of the West Virginia Rules of Civil Procedure [1998], the amendment will relate back to the filing of the original complaint only if the proposed new party defendant, prior to the running of the statute of limitations, received such notice of the institution of the original action that he will not be prejudiced in maintaining his defense on the merits and that he knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.' Syllabus, *Maxwell v. Eastern Associated Coal Corp., Inc.* 183 W.Va. 70, 394 S.E.2d 54 (1990).

9. Under the 1998 amendments to Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure*, before a plaintiff may amend a complaint to add a new defendant, it must be established that the newly-added defendant (1) received notice of the original action and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the newly-added defendant, prior to the running of the statute of limitation or within the period prescribed for service of the summons and complaint, whichever is greater. To the extent that the Syllabus of *Maxwell v. Eastern Associated Coal Corp.*, 183 W.Va. 70, 394 S.E.2d 54 (1990) conflicts with this holding, it is hereby modified.

Additionally, syllabus point 6 of *Brooks* provides that the form of the notice to the party affected by the amendment "may be either formal or informal, and does not require service of the original complaint or summons upon the party affected by the amendment."

The instant case is one of misnomer, Appellants having misidentified the Marshall University Board of Governors as the University of West Virginia Board of Trustees. It is beyond cavil that the foregoing conditions of Rule 15(c) have been satisfied. Upon remand, Appellants' amendment of the Complaint to substitute the Marshall University Board of Governors as a party defendant shall relate back to the date of the filing of the original complaint.

a motion to dismiss: "'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick,* 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. pt. 1, *Bradshaw v. Soulsby,* 210 W.Va. 682, 558 S.E.2d 681 (2001).

## III.

## DISCUSSION

■ At issue in this appeal is whether venue of the Appellants' medical negligence claim properly lies in the Circuit Court of Kanawha County. The circuit court found, and the parties agree, that the Marshall University Board of Governors (which the circuit court found effectively replaced University of West Virginia Board of Trustees as a party defendant for purposes of the motion to dismiss) is a state agency.[3]

Ordinarily, *W.Va.Code* § 14–2–2 exclusively governs the issue of venue when a state agency is named as a party defendant. *See* Syl. pt. 5, *State ex rel. W.Va. Bd. of Educ. v. Perry,* 189 W.Va. 662, 434 S.E.2d 22 (1993) ("'Actions wherein a state agency or official is named, whether as principal party or third-party defendant, may be brought only in the Circuit Court of Kanawha County.' Syllabus Point 2, *Thomas v. Bd. of Educ.,*

*County of McDowell,* 167 W.Va. 911, 280 S.E.2d 816 (1981)."); *West Virginia Bd. of Medicine v. Spillers,* 187 W.Va. 257, 259–60, 418 S.E.2d 571, 573–74 (1992) ("jurisdiction of writs of mandamus and prohibition against [a state agency or official] is appropriate only in the Circuit Court of Kanawha County in accordance with ... W.Va.Code § 14–2–2."); Syl. pt. 5, *Shobe v. Latimer,* 162 W.Va. 779, 253 S.E.2d 54 (1979) ("When a state officer is properly made a party defendant in a civil action, venue is controlled and determined by W.Va.Code § 14–2–2.").[4] *W.Va.Code* § 14–2–2 provides, in pertinent part:

(a) The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha County:

(1) Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee.

In the instant case, however, Appellees argue that the exclusive venue provision of *W.Va.Code* § 14–2–2 does not apply because Appellants seek to recover under the state's liability insurance policy. *Pittsburgh Elevator Co. v. W.Va. Bd. of Regents,* 172 W.Va. 743, 310 S.E.2d 675 (1983). Appellees argue that, instead, venue should be determined solely under the general venue provisions of *W.Va.Code* § 56–1–1,[5] which, in this case,

---

**3.** As a state agency, Marshall University Board of Governors enjoys constitutional or sovereign immunity, as set forth in *W.Va. Const.* art. VI, § 35, which provides, in pertinent part, that "[t]he State of West Virginia shall never be made defendant in any court of law or equity...." Of course, this Court has carved out several exceptions to this prohibition against suing the State of West Virginia, among them, the exception applicable to the instant case. In syllabus point 2 of *Pittsburgh Elevator Co. v. W.Va. Bd. of Regents,* 172 W.Va. 743, 310 S.E.2d 675 (1983), we held:

 Suits which seek no recovery from State funds, but rather allege that recovery is sought under and up to the limits of the State's liability insurance coverage, fall outside the traditional constitutional bar to suits against the State.

*See* Syl. pt. 1, *Eggleston v. W.Va. Dept. of Highways,* 189 W.Va. 230, 429 S.E.2d 636 (1993) (recognizing that W.Va.Code § 29–12–5(a) "requires the State Board of Risk and Insurance Management to purchase or contract for insurance and requires the insurance policy 'shall provide that the insurer shall be barred and estopped from relying upon the constitutional

immunity of the State of West Virginia against claims or suits.'"). It was based upon this exception that Appellants in the instant appeal filed their Amended Complaint seeking recovery up to the limits of liability of the State's liability insurance coverage.

**4.** Further, the principle that "'once venue is proper for one defendant, it is proper for all other defendants subject to process[,]' *State ex rel. Kenamond v. Warmuth,* 179 W.Va. 230, 231, 366 S.E.2d 738, 739 (1988)[,] ... does not usually apply when one of the defendants is 'the governor, any other state officer, or a state agency[.]' W.Va.Code, 14–2–2(a)(1)." *Smith v. Maynard,* 186 W.Va. 421, 422, 412 S.E.2d 822, 823 (1991).

**5.** *W.Va.Code* § 56–1–1 provides, in relevant part:

(a) Any civil action or other proceeding, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county:

(1) Wherein any of the defendants may reside or the cause of action arose, except that an action of ejectment or unlawful detainer must

would confer venue only in the Circuit Court of Cabell County.[6]

In *Pittsburgh Elevator*, the plaintiffs instituted an action for damages in the Circuit Court of Monongalia County against, among others, the West Virginia Board of Regents, a state agency, and sought recovery against the State's liability insurance coverage. The Circuit Court of Monongalia County dismissed the complaint against the Board of Regents on the ground that a proceeding against a state agency may only be brought in the Circuit Court of Kanawha County, under *W.Va.Code* § 14–2–2.

■ On appeal in *Pittsburgh Elevator*, this Court declined to apply W.Va.Code § 14–2–2 as the exclusive venue provision because the claim in that case was, in essence, against the Board of Regents' insurance carrier. We explained the " 'manifest purpose' " of *W.Va. Code* § 14–2–2

> 'is to prevent the great inconvenience and possible public detriment that would attend if functionaries of the state government should be required to defend official conduct and [the] state's property interests in sections of the commonwealth [sic] remote from the capital.' Thus, where the

> be brought in the county wherein the land sought to be recovered, or some part thereof, is. . . .

6. It appears to be undisputed that the cause of action in this case arose in Cabell County and that Appellees Heffernan and Cabell Huntington Hospital reside in Cabell County. However, for purposes of determining venue under *W.Va.Code* § 56–1–1, the county in which Marshall University Board of Governors resides is more problematic. The main campus and medical school of Marshall University are located in Cabell County, but the university also operates facilities for graduate study in Kanawha County. In any event, it is not necessary that this Court determine where Marshall University Board of Governors resides because, as explained more fully herein, venue in this case properly lies in the Circuit Court of Kanawha County. *See* Discussion, *infra*.

7. Clearly, the purpose behind the exclusivity of *W.Va.Code* § 14–2–2's requirement that lawsuits against the governor, other state officers or state agencies be brought in the Circuit Court of Kanawha County, the circuit court of the county in which the seat of West Virginia State government is located, is still relevant. It is not difficult to envision circumstances which may arise requiring "functionaries of the state govern-

real party in interest is the insurance carrier which is obliged to defend the action brought against the Board of Regents, there is no rational justification for application of W.Va.Code § 14–2–2.

*Pittsburgh Elevator*, 172 W.Va. at 757, 310 S.E.2d at 689 (*quoting Davis v. W. Va. Bridge Comm.*, 113 W.Va. 110, 113, 166 S.E. 819, 821 (1932).). Accordingly, in syllabus point 3, we held:

> The exclusive venue provision of W.Va. Code § 14–2–2 is not applicable to a cause of action wherein recovery is sought against the liability insurance coverage of a state agency.

*Id.*

Appellees herein argue that because the medical negligence claim did not arise and none of the Appellees reside in Kanawha County and because Appellants seek to recover under the State's liability insurance policy, syllabus point 3 of *Pittsburgh Elevator* dictates that Appellants are precluded from suing Marshall University Board of Governors in the Circuit Court of Kanawha County.[7] We decline to construe *Pittsburgh Elevator* so narrowly.

ment," *Pittsburgh Elevator*, 172 W.Va. at 757, 310 S.E.2d at 689, to personally defend official conduct or the state's property interests in cases where a plaintiff seeks to recover under the state's liability insurance policy. In other words, even in cases where the state's insurance carrier is obliged to provide counsel to defend the claim, state agencies could conceivably still be closely involved in the defense of the case. It would obviously contravene the purpose of *W.Va.Code* § 14–2–2 to flatly prohibit a plaintiff from prosecuting such a lawsuit in the Circuit Court of Kanawha County (assuming venue would not otherwise lie in Kanawha County under some other statute).

Furthermore, in this Court's recent opinion in *State ex rel. McGraw v. Burton*, 212 W.Va. 23, 569 S.E.2d 99 (2002), we held, *inter alia:*

> "In all instances when an executive branch or related State entity is represented by counsel before a tribunal, the Attorney General shall appear upon the pleadings as an attorney of record[.]"

*Id.*, at syl. pt. 7, 569 S.E.2d 99, in relevant part.

As a practical matter, where the state's liability insurance coverage is involved, counsel for the state agency may include, in addition to counsel provided by the insurance carrier, the Attorney General of the State of West Virginia, whose

It is clear from syllabus point 3 of *Pittsburgh Elevator* that *W.Va.Code* § 14–2–2 does not exclusively govern the question of venue where, as in the instant case, recovery is sought against the liability insurance carrier of a state agency. By the same token, however, this Court will not foreclose a plaintiff from prosecuting a claim against a state agency in the circuit court of the county in which the seat of state government is located simply because the state's liability insurance coverage is implicated. Rather, under such circumstances, venue properly lies under the venue provisions of either *W.Va.Code* § 14–2–2 or *W.Va.Code* § 56–1–1; of course, the choice of venue belongs to the plaintiff. *See State ex rel. Riffle v. Ranson*, 195 W.Va. 121, 127–28, 464 S.E.2d 763, 769–70 (1995) (explaining that "it has been the policy in this State and country that, unless a statute provided otherwise, the plaintiff's choice of forum should rarely be disturbed." (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 (1947).)).

To clarify our holding in *Pittsburgh Elevator*, we hold that because *W.Va.Code* § 14–2–2 does not exclusively govern claims in which recovery is sought against the liability insurance coverage of a state agency, venue for such claims is proper under either *W.Va.Code* § 14–2–2 or *W.Va.Code* § 56–1–1. In the instant case, venue properly lies in the Circuit Court of Kanawha County. Therefore, it was reversible error for the circuit court to dismiss this case on the ground of improper venue.

## IV.

## CONCLUSION

For the reasons stated, the October 3, 2002 Order of the Circuit Court of Kanawha County is reversed and this case is remanded to the circuit court for further proceedings.

Reversed and remanded.

office and staff of attorneys are located in Kanawha County. The purpose of *W.Va.Code* § 14–2–2 would not be served if this Court were to preclude a plaintiff from bringing such a claim in

the Circuit Court of Kanawha County (again, assuming venue would not otherwise be proper in Kanawha County).