607 S.E.2d 788

**Elenora P. ELAM, Conservator/Guardian of Brenda Kay Elam, a protected person, William J. Elam, husband of Brenda Kay Elam, individually and as next friend of William H. Elam, infant, Ashley A. Elam, infant, Brandon G. Elam, infant, and Justan J. Elam, Plaintiffs Below, Appellants,**

v.

**MEDICAL ASSURANCE OF WEST VIRGINIA, INC., Defendant Below, Appellee.**

**No. 31656.**

Supreme Court of Appeals of West Virginia.

Submitted: Sept. 29, 2004.

Filed: Dec. 2, 2004.

---

Sprague W. Hazard, Esquire, Charleston, West Virginia, Paul W. Roop, II, Esquire, Beckley, for Appellants.

D.C. Offutt, Jr., Esquire, Holly G. DiCocco, Esquire, Charleston, for Appellee.

PER CURIAM.

This is an appeal by Plaintiffs Elenora P. Elam as conservator and guardian of Brenda Kay Elam, a protected person; William J. Elam, the husband of Brenda Kay Elam, individually and as next friend of their children, William H., Ashley A. and Brandon G. Elam; and Justan J. Elam (hereinafter "Appellants"), from an order entered February 19, 2003, in the Circuit Court of Raleigh County, West Virginia. In that order, the circuit court granted the motions to dismiss filed by Medical Assurance of West Virginia, Inc. and Health Care Indemnity, Inc. For the reasons set forth below, we affirm the circuit court's order.

I.

FACTS

On or about June 14, 2001, Brenda Elam underwent ventral hernia repair surgery at Raleigh General Hospital. Appellants allege that upon conclusion of the surgery, Brenda Elam was prematurely and negligently extubated and, as a result, suffered severe anoxic brain injury. According to Appellants, she was rendered totally and permanently disabled and currently resides in a nursing home where she receives constant care.

On February 28, 2002, Appellants filed a Complaint against various health care providers alleging medical professional negligence under the provisions of *W.Va.Code* § 55–7B–

1, *et seq.*, The West Virginia Medical Professional Liability Act.

Before any responsive pleading was filed, Appellants filed an Amended Complaint, on November 14, 2002, naming the defendant health care providers' insurers, Medical Assurance of West Virginia, Inc. (hereinafter "Appellee") and Health Care Indemnity, Inc., as additional defendants.[1] In Counts XIII and IX of the Amended Complaint, Appellants alleged that these parties "engaged in unfair trade practices ... with such frequency as to constitute a general business practice in connection with claims for insurance proceeds" in violation of, *inter alia*, *W.Va. Code* § 33–11–3, and alleged further that "[a]s a direct and proximate result of the[ir] unfair claims settlement practices and unlawful acts, ... [Appellants] suffered a delay in the settlement of their claim against [the] insured [health care providers] ...."[2] According to Appellants, the defendant insurers were obligated to undertake an investigation of Appellants' medical professional liability claims when the defendant insurers were given notice of Appellants' claims in June 2001, *see W.Va.Code* § 33–11–4(9)(b); it was when settlement negotiations proved unsuccessful on or about November 6, 2002 that Appellants filed their Amended Complaint to assert violations of the Unfair Trade Practices Act (hereinafter "bad faith claims"). *See Response to the Motions to Dismiss of Defendants, Medical Assurance of West Virginia and Health Care Indemnity, Inc.*, filed January 17, 2003.

On December 23, 2002 and December 30, 2002, respectively, Appellee and Health Care Indemnity filed motions to dismiss and to bifurcate and stay the bad faith claims.[3] In support of its motion to dismiss, Appellee argued the Appellants' claim of bad faith was prohibited under *W.Va.Code* § 55–7B–5, as amended in 2002; it was Appellee's conten-

---

1. For reasons not clear from the record, Appellants' appeal is directed solely at Medical Assurance of West Virginia, Inc. Consequently, Health Care Indemnity, Inc. is not a party to the instant appeal.

2. According to Appellants, on February 24, 2004, a settlement agreement between Appellants and the health care provider defendants was ap-

proved by the circuit court, thereby resolving the medical professional liability clams.

3. On or about January 9, 2003, the circuit court entered an order granting the motions to bifurcate and stay. Appellants filed a response to the motions to dismiss of both Appellee and Health Care Indemnity on January 17, 2003.

tion the amended version of *W.Va.Code* § 55–7B–5 became effective upon date of passage, December 1, 2001. Appellee argued that because the Amended Complaint was not filed until November 14, 2002, the bad faith claim included therein was barred. In the alternative, Appellee maintained that if the circuit court found that the effective date of the amendment was March 1, 2002, rather than December 1, 2001, the bad faith claim did not relate back to the filing of the original complaint on February 28, 2002, *see W.Va. R. Civ. P.* 15, thereby barring the bad faith claim under *W.Va.Code* § 55–7B–5.

A hearing on the motions to dismiss was conducted on January 21, 2003 and, by order entered February 19, 2003, the circuit court concluded the following: (1) pursuant to *W.Va.Code* § 55–7B–10(b) (2002),[4] the effective date of *W.Va.Code* § 55–7B–5(b) was March 1, 2002, one day after Appellants' original complaint was filed; and (2) the bad faith claims set forth in the Amended Complaint do not relate back to the filing of the original complaint under *W.Va. R. Civ. P.* 15(c). It is from the circuit court's February 19, 2003 order dismissing their Amended Complaint that Appellants now appeal.

## II.

### STANDARD OF REVIEW

■ It is well settled that this Court reviews *de novo* a circuit court's order granting a motion to dismiss: " ' "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick,* 194 W.Va. 770, 461 S.E.2d 516 (1995).' Syl. pt. 1, *Bradshaw v. Soulsby,* 210 W.Va. 682, 558 S.E.2d 681

(2001)." Syl. pt. 1, *King v. Heffernan,* 214 W.Va. 835, 591 S.E.2d 761 (2003). Furthermore, this Court has previously held that " '[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. pt. 2, *Dunlap v. Friedman's, Inc.,* 213 W.Va. 394, 582 S.E.2d 841 (2003).

## III.

### DISCUSSION

At issue in this appeal is whether *W.Va. Code* § 55–7B–5, as amended in 2002, bars Appellants' bad faith claim against Appellee. The relevant portion of *W.Va.Code* § 55–7B– 5 (2002) provides:

(b) Notwithstanding any other provision of law, absent privity of contract, no plaintiff who files a medical professional liability action against a health care provider may file an independent cause of action against any insurer of the health care provider alleging the insurer has violated the provisions of subdivision (9), section four [§ 33– 11–4], article eleven, chapter thirty-three of this code. Insofar as the provisions of section three [§ 33–11–3], article eleven, chapter thirty-three of this code prohibit the conduct defined in subdivision (9), section four [§ 33–11–4], article eleven, chapter thirty-three of this code, no plaintiff who files a medical professional liability action against a health care provider may file an independent cause of action against any insurer of the health care provider alleging the insurer has violated the provisions of said section three.

**(b) The amendments to this article as provided in House Bill 601, enacted during the sixth extraordinary session of the Legislature, two thousand one, apply to all causes of action alleging medical professional liability which are filed on or after the first day of March, two thousand two.**
(Emphasis added). *See* Acts 2001, 6th Ex.Sess., c. 19. The amendments to article 7B were included in House Bill 601. *See Id. W.Va.Code* § 55–7B–10 was amended again in 2003; however, the amendments do not affect the instant appeal.

---

4. W.Va.Code §: 55–7B–10 (2002), "Effective date; applicability of provisions," provides:

(a) The provisions of House Bill 149, enacted during the first extraordinary session of the Legislature, 1986, shall be effective at the same time that the provisions of Enrolled Senate Bill 714, enacted during the regular session, 1986, become effective, and the provisions of said House Bill 149 shall be deemed to amend the provisions of Enrolled Senate Bill 714. The provisions of this article shall not apply to injuries which occur before the effective date of this said Enrolled Senate Bill 714.

Appellants contend that because they filed a medical professional liability action against the defendant health care providers (Appellee's insured) prior to March 1, 2002, the effective date of the foregoing amendment, the amendment does not apply. We are not persuaded by Appellants' construction of the statutory language.

■ To the contrary, this Court discerns no basis for construing the statute in any other way than on the basis of its clear language. Indeed, " ' "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syllabus point 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).' Syl. pt. 1, *Sowa v. Huffman*, 191 W.Va. 105, 443 S.E.2d 262 (1994)." Syl. pt. 4, *Taylor–Hurley v. Mingo County Bd. of Educ.*, 209 W.Va. 780, 551 S.E.2d 702 (2001). *See also* Syl. pt. 3, in part, *West Virginia Health Care Cost Review Auth. v. Boone Mem'l Hosp.*, 196 W.Va. 326, 472 S.E.2d 411 (1996) ("If the language of an enactment is clear and within the constitutional authority of the law-making body which passed it, courts must read the relevant law according to its unvarnished meaning, without any judicial embroidery.").

■ The critical language of the amendment—that "no plaintiff who files a medical professional liability action against a health care provider may file an independent cause of action against any insurer of the health care provider alleging [bad faith]"—clearly prohibits Appellants' bad faith claim against Appellee in this case. The phrase "plaintiff who files a medical professional liability action" identifies those plaintiffs (i.e., medical malpractice plaintiffs) to which the statutory proscription against certain bad faith claims applies. Regardless of when a medical professional liability action was filed, absent privity of contract, any bad faith claim [5] against the health care providers' insurer is barred if it is filed on or after March 1, 2002. *See W.Va.Code* § 55–7B–10 (2002). In the instant case, therefore, Appellants' bad faith

claim, which was filed November 14, 2002, is barred.

■ Appellants argue, in the alternative, that the allegations of bad faith in the Amended Complaint relate back to the filing of the original Complaint on February 29, 2002, before the effective date of *W.Va.Code* § 55–7B–5(b) (2002), under *W.Va. R. Civ. P.* 15. *W.Va. R. Civ. P.* 15(a) and (c) provide, in relevant part:

(a) *Amendments.*—A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served....

  \*  \*  \*  \*  \*  \*

(c) *Relation back of amendments.*—An amendment of a pleading relates back to the date of the original pleading when:

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action; or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing paragraph (2) is satisfied and, within the period provided by Rule 4(k) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have brought against the party.

In the instant case, Appellants filed their Amended Complaint before any responsive pleading was filed. *See W.Va. R. Civ. P.* 15(a). However, whether the Amended Complaint relates back to the filing of the original Complaint is governed by *W.Va. R. Civ. P.* 15(c).

■ As indicated above, Appellants filed their Amended Complaint on November 15,

---

5. That is, any claim that the health care providers' insurer violated the provisions of *W.Va.Code*

§ 33–11–3 or 33–11–4(9), as set forth in *W.Va. Code* § 55–7B–5(b) (2002).

2002, after the effective date (March 1, 2002) of *W.Va.Code* § 55–7B–5 (2002). In order for Appellants' Amended Complaint to avoid the effect of the amended statute (which would otherwise bar the bad faith claim against Appellee alleged in the amended pleading) the allegations in the Amended Complaint must relate back to the filing of the original Complaint on February 29, 2002. In syllabus point four of *Brooks v. Isinghood,* 213 W.Va. 675, 584 S.E.2d 531 (2003), we held:

> Under Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure* [1998], an amendment to a complaint changing a defendant or the naming of a defendant [6] will relate back to the date the plaintiff filed the original complaint if: (1) the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence as that asserted in the original complaint; (2) the defendant named in the amended complaint received notice of the filing of the original complaint and is not prejudiced in maintaining a defense by the delay in being named; (3) the defendant either knew or should have known that he or she would have been named in the original complaint had it not been for a mistake; and (4) notice of the action, and knowledge or potential knowledge of the mistake, was received by the defendant within the period prescribed for commencing an action and service of process of the original complaint.

(Footnote added).

The Amended Complaint in this case does not satisfy the first requirement set forth in Rule 15(c)(3) and syllabus point four of *Brooks.* The bad faith claim asserted in the amended complaint did not arise out of the same conduct, transaction or occurrence as the medical malpractice claims against the various health care providers alleged in the original complaint. To the contrary, Appellees' alleged bad faith occurred after the filing of the original complaint, during the course of settlement negotiations. According to Appellants, it was not until attempts at

mediation failed, on or about November 6, 2002, that Appellees allegedly committed bad faith. We are not persuaded that, under these facts, the bad faith claim grew " 'out of the specified conduct of the defendant which gave rise to the original cause of action.' " *Dzinglski v. Weirton Steel Corp.,* 191 W.Va. 278, 287, 445 S.E.2d 219, 228 (1994) (*quoting Roberts v. Wagner Chevrolet–Olds, Inc.,* 163 W.Va. 559, 563, 258 S.E.2d 901, 903 (1979)). Accordingly, we conclude that the bad faith claim against Appellee did not arise out of the same conduct, transaction or occurrence as the medical malpractice claims asserted in the original complaint.

Because all of the requirements of Rule 15(c)(3) and syllabus point four of *Brooks* cannot now be satisfied, it is clear that the Amended Complaint does not relate back to the filing of the original Complaint.[7]

## IV.

## CONCLUSION

For the reasons stated, the order of the Circuit Court of Raleigh County entered February 19, 2003, dismissing the Amended Complaint is hereby affirmed.

Affirmed.

---

**6.** Amendments which add a defendant are governed by *W.Va. R. Civ. P.* 15. *See Brooks,* 213 W.Va. at 685, 584 S.E.2d at 541 ("Amendments to change a party under Rule 15 include amendments to add, drop, or substitute defendants[.]").

**7.** Therefore, we do not find it necessary to discuss the remaining requirements of Rule 15(c)(3) and syllabus point four of *Brooks* as they relate to this case.