*629 S.E.2d 751*

**Dana Scott ROY and Jena J. Roy, Plaintiffs Below, Appellants**

v.

**Kenneth D'AMATO, D.O., Defendant Below, Appellee.**

**No. 32853.**

Supreme Court of Appeals of West Virginia.

Submitted: Feb. 15, 2006.

Decided: March 31, 2006.

---

David A. Sims, Esq., Gregory R. Tingler, Esq., Law Offices of David A. Sims, Elkins, for Appellants.

Kenneth J. Barton, Jr., Esq., M. Dawn Alexander, Esq., Amy S. Brown, Esq., Steptoe & Johnson, PLLC, Martinsburg, for Appellee.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Randolph County entered on October 1, 2004. In that order, the circuit court dismissed this medical malpractice action filed by the appellants and plaintiffs below, Scott and Jena Roy, against the appellee and defendant below, Kenneth E. D'Amato, D.O. The court found that the Roys did not provide Dr. D'Amato with proper notice of their claim pursuant to W.Va.Code § 55–7B–6(b) (2001).[1] In this appeal, the Roys contend that the circuit court erred by dismissing their case.

This Court has before it the petition for appeal, the designated record, and the briefs and argument of counsel. For the reasons set forth below, we find that this case should be reinstated. Accordingly, the final order of the circuit court is reversed, and this case is remanded for further proceedings consistent with this opinion.

## I.

### FACTS

On July 17, 2000, Scott Roy sought treatment at the emergency room of Davis Memorial Hospital in Elkins, West Virginia, after he was allegedly injured at work. According to Mr. Roy, his right fifth digit was partially amputated and x-rays revealed a dislocation and fracture of his finger. The emergency room physician contacted Dr. D'Amato, the orthopedic surgeon on call, to evaluate Mr. Roy's injury. Dr. D'Amato treated Mr. Roy in the emergency room. Thereafter, Mr. Roy received follow-up treatment at Dr. D'Amato's office.

Subsequently, on July 17, 2002, Mr. Roy and his wife, Jena Roy, filed suit against Dr. D'Amato contending that he had committed medical malpractice during his treatment of Mr. Roy's finger. In particular, the Roys alleged that Dr. D'Amato had been negligent by not informing Mr. Roy of the risks and benefits of not operating on or splinting his finger as well as not utilizing other treatment plans. Mr. Roy sought damages for personal injuries, disfigurement, severe pain, mental anguish, embarrassment, humiliation, lost wages and benefits, loss of ability to enjoy life, and future medical treatment. Mrs. Roy sought damages for loss of services, society, and companionship of her husband.

On the same day the Roys filed their complaint, they sent Dr. D'Amato a letter informing him that suit had been filed and that they intended to obtain a screening certificate of merit within sixty days. A copy of the complaint was enclosed with the letter. On October 2, 2002, Dr. D'Amato was served with a summons and a copy of the complaint as well as a screening certificate of merit and the curriculum vitae of the Roys' expert witness. Dr. D'Amato responded by filing a "Notice of Bona Fide Defense" on October 21, 2002. He subsequently filed a motion to dismiss which the circuit court granted after finding that the Roys had failed to give Dr. D'Amato notice of the claim thirty days before filing their complaint as required by W.Va.Code § 55–7B–6(b).[2] The case was

---

1. W.Va.Code § 55–7B–6 was amended in 2003. The slight changes that were made have no impact upon the issues raised in this case. Accordingly, we will hereinafter refer to the 2003 version of the statute.

2. W.Va.Code § 55–7B–6(b) (2003) states, in pertinent part:

At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation.

dismissed without prejudice on January 30, 2004.

On February 13, 2004, the Roys filed another complaint.[3] Again, Dr. D'Amato filed a motion to dismiss. He asserted that the statute of limitations had expired since the alleged injury occurred on July 17, 2000, and the complaint was not filed until February 13, 2004. The motion was denied on May 24, 2004, after the court ruled that the statute of limitations had been tolled pursuant to W.Va. Code § 55–7B–6(h) because Dr. D'Amato never responded to the notice of claim.[4] The court granted leave to Dr. D'Amato to file a supplemental motion to dismiss with regard to whether the July 17, 2002, notice of claim was proper.

Thereafter, Dr. D'Amato filed a supplemental motion to dismiss contending that the notice of claim was insufficient. The letter that was sent to Dr. D'Amato on July 17, 2002, to serve as notice of the lawsuit[5] stated:

Please be advised that suit has been instituted against you in the above-referenced action. This letter is to serve as notice of

our intent to obtain a screening certificate, pursuant to West Virginia Code Section 55–7B–6 within 60 days from the date of the filing of the lawsuit.

If you have any questions, please let me know.

The circuit court ruled that "the statutory prerequisites for filing an action against a health care provider as required in [W.Va. Code] § 55–7B–6(b)[6] are not fulfilled by a letter which simply encloses a copy of the Complaint and does not contain the statutorily required language that it is a "Notice of Claim." (Footnote added). Accordingly, Dr. D'Amato's supplemental motion to dismiss was granted by order entered on May 28, 2004.

On June 8, 2004, the Roys filed a Motion to Alter or Amend Judgment. A hearing was held on August 9, 2004. Upon review of the briefs and argument of counsel, the court denied the motion. The court noted that it had "granted Defendant's Supplemental Motion to Dismiss not because the letter from Plaintiffs' counsel to the Defendant did not contain the terms "Notice of Claim" but more substantively because the content of

---

3. This complaint was identical to the complaint that was filed on July 17, 2002.

4. W.Va.Code § 55–7B–6(h) provides:

Except as otherwise provided in this subsection, any statute of limitations applicable to a cause of action against a health care provider upon whom notice was served for alleged medical professional liability shall be tolled from the date of mail of a notice of claim to thirty days following receipt of a response to the notice of claim, thirty days from the date a response to the notice of claim would be due, or thirty days from the receipt by the claimant of written notice from the mediator that the mediation has not resulted in a settlement of the alleged claim and that mediation is concluded, whichever last occurs. If a claimant has sent a notice of claim relating to any injury or death to more than one health care provider, any one of whom has demanded mediation, then the statute of limitations shall be tolled with respect to, and only with respect to, those health care providers to whom the claimant sent a notice of claim to thirty days from the receipt of the claimant of written notice from the mediator that the mediation has not resulted in a settlement of the alleged claim and that mediation is concluded.

5. As noted above, a copy of the initial complaint was enclosed with this letter.

6. W.Va.Code § 55–7B–6(b) provides, in pertinent part:

The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of Rule 15 of the Rules of Civil Procedure.

the letter is totally insufficient to constitute a Notice of Claim pursuant to [W.Va.Code § ] 55–7B–6." The Court further stated that,

> The letter served by Plaintiffs upon the Defendant purporting to be a Notice of Claim did not include a statement of the theory or theories upon which a cause of action may be based against the Defendant. Therefore, it is insufficient to constitute a Notice of Claim pursuant to [W.Va. Code § ] 55–7B–6.

The final order was entered on October 1, 2004, and this appeal followed.

## II.

## STANDARD OF REVIEW

It is well-established that, " ' "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick,* 194 W.Va. 770, 461 S.E.2d 516 (1995).' Syl. pt. 1, *Bradshaw v. Soulsby,* 210 W.Va. 682, 558 S.E.2d 681 (2001)." Syllabus Point 1, *King v. Heffernan,* 214 W.Va. 835, 591 S.E.2d 761 (2003). This Court has also held that, "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, we now determine whether the circuit court erred by granting Dr. D'Amato's motion to dismiss this case.

## III.

## DISCUSSION

As set forth above, the issue presented in this case is whether the circuit court properly dismissed this medical malpractice action because of alleged defects and insufficiencies in the Roys' pre-suit notice of claim. This Court addressed this same issue recently in *Hinchman v. Gillette,* 217 W.Va. 378, 618 S.E.2d 387 (2005). The *Hinchman* case was instituted in January 2003, following the death of Paul Hinchman. It was alleged that Mr. Hinchman died as a result of negligence in providing medical care and services to him during a pre-operative procedure. The case

was dismissed on July 7, 2003, by the circuit court on the grounds that the pre-suit notice of claim and screening certificate required by W.Va.Code § 55–7B–6 were legally defective and insufficient. Specifically, the court found that the plaintiff had provided one screening certificate of merit for all of the defendant health care providers instead of separate screening certificates for each health care provider as required by W.Va.Code § 55–7B–6. Further, the plaintiff's expert had failed to state with particularity his familiarity with the applicable standards of care; the standard of care applicable to each defendant health care provider; the manner in which the standard of care was breached; and how the alleged breach of the standard of care resulted in the injury or death of Mr. Hinchman.

At the outset of our review of the circuit court's dismissal order in *Hinchman,* this Court recognized that W.Va.Code § 55–7B–6 was a new statutory provision that had not been previously addressed. 217 W.Va. at 384, 618 S.E.2d at 393. We then determined that,

> Under *W.Va.Code,* 55–7B–6 [2003] the purposes of requiring a pre-suit notice of claim and screening certificate of merit are (1) to prevent the making and filing of frivolous medical malpractice claims and lawsuits; and (2) to promote the pre-suit resolution of non-frivolous medical malpractice claims. The requirement of a pre-suit notice of claim and screening certificate of merit is not intended to restrict or deny citizens' access to the courts.

Syllabus Point 2, *Hinchman.* In order to fulfill the statutory purposes, we concluded that any objections to a pre-suit notice and screening certificate should be made prior to the filing of the complaint so that the plaintiff may have the opportunity to correct the alleged defects and insufficiencies. Accordingly, we held in Syllabus Points 3 and 4, respectively, of *Hinchman,* that,

> Before a defendant in a lawsuit against a healthcare provider can challenge the legal sufficiency of a plaintiff's pre-suit notice of claim or screening certificate of merit under *W.Va.Code,* 55–7B–6 [2003],

the plaintiff must have been given written and specific notice of, and an opportunity to address and correct, the alleged defects and insufficiencies.

Under *W.Va.Code,* 55–7B–6 [2003], when a healthcare provider receives a pre-suit notice of claim and screening certificate of merit that the healthcare provider believes to be legally defective or insufficient, the healthcare provider may reply within thirty days of the receipt of the notice and certificate with a written request to the claimant for a more definite statement of the notice of claim and screening certificate of merit. The request for a more definite statement must identify with particularity each alleged insufficiency or defect in the notice and certificate and all specific details requested by the defendant. A claimant must be given a reasonable period of time, not to exceed thirty days, to reply to a healthcare provider's request for a more definite statement, and all applicable periods of limitation shall be extended to include such periods of time.

We further advised that,

Under *W.Va.Code,* 55–7B–6 [2003], the making of a request for a more definite statement in response to a notice of claim and screening certificate of merit preserves a party's objections to the legal sufficiency of the notice and certificate as to all matters specifically set forth in the request; all objections to the notice or certificate's legal sufficiency not specifically set forth in the request are waived.

Syllabus Point 5, *Hinchman.* Finally, we held that,

In determining whether a notice of claim and certificate are legally sufficient, a reviewing court should apply *W.Va.Code,* 55–7B–6 [2003] in light of the statutory purposes of preventing the making and filing of frivolous medical malpractice claims and lawsuits; and promoting the pre-suit resolution of non-frivolous medical malpractice claims. Therefore, a principal consideration before a court reviewing a claim of insufficiency in a notice or certificate should be whether a party challenging or defending the sufficiency of a notice and certificate has demonstrated a good faith

and reasonable effort to further the statutory purposes.

Syllabus Point 6, *Hinchman.*

Applying the principles set forth above, we concluded in *Hinchman* that the circuit court erred by dismissing the action because the plaintiff was not on notice prior to suit being filed of the specific alleged insufficiencies in the notice of claim and screening certificate. As a result, the plaintiff had no opportunity to address the allegations. Furthermore, the defendants had not taken the opportunity to attempt mediation prior to the filing of the complaint in order to understand and possibly resolve the plaintiff's claims.

At the time *Hinchman* was being litigated, suit had already commenced in the case *sub judice.* Like the defendants in *Hinchman,* Dr. D'Amato never responded to the notice of claim, nor did he request mediation. As noted above, on the same day the notice of claim was served on Dr. D'Amato, the Roys also filed their initial complaint. That complaint was subsequently dismissed without prejudice because the Roys failed to wait thirty days after the notice of claim was served before filing suit as required by W.Va. Code § 55–7B–6(b). In seeking to dismiss the Roys' initial complaint, Dr. D'Amato also argued that the screening certificate of merit was insufficient because it failed to state with particularity the expert's opinion regarding how the applicable standard of care was breached and how the alleged breach of that standard of care resulted in injury to Mr. Roy. Dr. D'Amato never objected to the content of the notice of claim. The circuit court reviewed the screening certificate at that time and found it to be sufficient.

In accordance with the principles set forth in *Hinchman,* we find that Dr. D'Amato waived any right to object to the notice of claim after the second complaint was filed. The Roys were not on notice, pre-suit, of any alleged defects in the notice of claim and consequently, never had any opportunity to address any insufficiencies with a more definite statement. Dr. D'Amato never took advantage of the opportunity to request mediation to further clarify and possibly resolve the Roys' claims even after the first complaint was dismissed without prejudice. Fur-

thermore, there is nothing in the record to suggest that the claims asserted by the Roys were frivolous.[7] Given these circumstances, we find that dismissal of the complaint was erroneous.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Randolph County, entered on October 1, 2004, is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

7. Whether or not the claims asserted by the Roys are meritorious is not an issue before this court at this time and we make no decision in that regard. We have only assumed for purposes of deciding whether dismissal of the case was proper that the claims were not frivolous absent any evidence in the record to the contrary.