687 S.E.2d 564

**Kenneth Edward CHANCE, Jr.,
Plaintiff Below, Appellant**

v.

**George HILL, Superintendent, WV Correctional Industries, Mount Olive Correctional Complex, in his Individual and Official Capacity, Defendant Below, Appellee.**

No. 34627.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 23, 2009.
Decided Nov. 2, 2009.

Kenneth Edward Chance, Jr., Pro se.

Mark E. Troy, Esq., Bailey & Wyant, Charleston, West Virginia, for the Appellee.

PER CURIAM:

This case is before the Court upon the appeal of Kenneth Edward Chance, Jr., a pro se Appellant, from the April 15, 2008, Order of the Circuit Court of Fayette County, West Virginia, dismissing, without prejudice, the Appellant's action filed pursuant to the provisions of West Virginia Code §§ 25–1A–1 to – 8 (2008)("Prison Litigation Reform Act").[1] The circuit court's decision was based upon

---

**1.** The Prison Litigation Reform Act mandates an    exhaustion of administrative remedies, payment

its determination that the Circuit Court of Kanawha County, West Virginia, was the proper venue for the Appellant's action. Based upon a review of the Appellant's brief,[2] the record, and all other matters submitted before the Court, we affirm the decision of the Circuit Court of Fayette County.

## I. Factual and Procedural Background

On February 15, 2007, the Appellant instituted the instant action by filing a Complaint in the Circuit Court of Fayette County, West Virginia, against George Hill, Superintendent, West Virginia Correctional Industries, Mount Olive Correctional Complex, in his individual and official capacities. The Appellant alleged that the Appellee "committed a tort of breach of contract . . . when he terminated Plaintiff from his Inmate Job position without any cause, other then [sic] because he could[.]"[3] The Appellant further alleged that the Appellee "abused his authority/discretion, when he terminated Plaintiff from his Inmate Job position as a form of retalia-

tion for Plaintiff successfully pursuing a personal injury claim against him for gross negligence," and that the Appellee denied the Appellant due process of law "when he treated plaintiff in an **arbitrary and capricious, fundamentally unfair manner,** when he terminated plaintiff from his Inmate Job position, solely as a means of retaliating against Plaintiff. . . ."

By Order entered February 15, 2007, the Circuit Court of Fayette County transferred the Appellant's case to the Circuit Court of Kanawha County, based upon the determination that under the provisions of West Virginia Code § 14–2–2 (2009), the Circuit Court of Kanawha County was the appropriate venue. Subsequently, by Order entered April 3, 2007, the Circuit Court of Kanawha County dismissed the action, finding that it was frivolous and failed to state a claim upon which relief could be granted.[4]

On August 10, 2007, the Appellant, filed a petition for appeal in the West Virginia Su-

of filing fees by the inmate, and judicial review of the initial pleading. W. Va.Code §§ 25–1A–2, –3, and –4. The statutory scheme also provides for hearings to be conducted at the correctional facility in which an inmate is housed by the utilization of telephone, video conferencing, and other communications technology. W. Va.Code § 25–1A–5.

2. It is significant and does not go unnoticed by the Court that no response was filed by the Appellee in this matter. While Rule 3(f) of the West Virginia Rules of Appellate Procedure contemplates that a respondent to a petition for appeal "may" file a response with the Court, Rule 10 of the West Virginia Rules of Appellate Procedure contemplates that an appellee will file a brief.

Specifically, Rule 10(b) provides that "[t]he appellee shall have thirty days from the date of receipt of the appellant's brief to file an original and nine copies of a brief with the Clerk of the Supreme Court and to serve one copy thereof upon each party." *Id.* Further, Rule 10(e) of the West Virginia Rules of Appellate Procedure addresses the failure to file a brief as follows:

The **failure to file a brief** in accordance with this rule may result in the Supreme Court imposing the following sanctions: refusal to hear the case, denying oral argument to the **derelict party,** dismissal of the case from the docket, or such other sanctions as the Supreme Court may deem appropriate.

*Id.* (emphasis added).

West Virginia Rule of Appellate Procedure 10(e), which clearly provides sanctions for "[t]he failure to file a brief" and further provides that

the Court may impose sanctions against the "derelict party," unequivocally leads to the conclusion that once a petition for appeal is granted, both the appellant and the appellee are required to file briefs regarding their respective positions with this Court.

Unfortunately, the Appellee failed to file any brief in this case. While the Court refrains from imposing any sanction against the Appellee in the instant matter, it would behoove all parties to abide by the West Virginia Rules of Appellate Procedure when handling matters before the Court.

3. The Appellant allegedly was injured when his hand was pulled into an unguarded pinch-point on a blank cutter machine. The Appellant instituted "pre-action settlement" for his alleged personal injuries claims and those claims were settled with the Appellant allegedly receiving $6,500. Thereafter, the Appellant allegedly was terminated from his position and "reassigned to the labor pool." The Appellant was denied relief in the inmate grievance process. Thereafter, he filed the instant lawsuit.

4. West Virginia Code § 25–1A–4 provides for judicial review of the initial pleading filed by an inmate and for dismissal of that pleading if deemed frivolous as follows:

(a) The court shall, prior to issuance of process, review the complaint, petition or other initial pleading to determine whether a civil action is frivolous or malicious as defined in subsection (b) of this section and fails to state a claim for which relief can be granted or seeks

preme Court regarding the dismissal of this action by the Circuit Court of Kanawha County. In that petition, the Appellant argued that "[t]here was error in jurisdiction in this matter created by the Circuit Court of Fayette County and furthered by the Circuit Court of Kanawha County." More precisely, the Appellant, relying upon the identical statute [5] and case law [6] which the Appellant currently relies upon, argued in his prior petition for appeal filed with the Court that the transfer of the case from Fayette County to Kanawha County was erroneous.[7]

By order entered March 4, 2008, this Court, based upon the Appellant's petition, granted the petition for appeal. In the same Order, this Court stated:

> It is hereby ordered that the dismissal order entered April 3, 2007, be, and it hereby is, reversed and this matter is hereby **remanded to the Circuit Court of Kanawha County with directions to reinstate the complaint and issue process in Kanawha County Civil Action No. 07-C-328.** Justices Starcher and Albright would direct that counsel be appointed in light of the circumstances of this case.

(emphasis added).[8] Given that the venue issue was raised in the petition, this Court resolved the issue by sending the case back to Kanawha County, thereby determining that Kanawha County was the appropriate venue.

Notwithstanding this Court's Order which resolved the venue issue by returning the case to the Circuit Court of Kanawha County, on April 4, 2008, the Circuit Court of Kanawha County transferred the case back to the Circuit Court of Fayette County. In that order, the Circuit Court of Kanawha County determined that such transfer was in the best interest of judicial economy and not prejudicial to any of the parties.

Subsequently, by Order entered April 15, 2008, the Circuit Court of Fayette County dismissed the action, without prejudice. The Circuit Court of Fayette County reasoned that according to the provisions of West Virginia Code § 14–2–2, proper venue for the action was in the Circuit Court of Kanawha County. Specifically, the circuit court based its decision upon the following:

> By an Order entered April 4, 2008, Tod J. Kaufman, Judge of the Circuit Court of Kanawha County, West Virginia, entered an Order transferring the above-styled civil action to the Circuit Court of Fayette County, West Virginia, making, in said Order, a variety of pleasant sounding, but wholly irrelevant, findings of fact which fly clearly in the face of the specific provisions of Chapter 14, Article 2, Section 2 of the West Virginia Code.

It is this Order that forms the basis for the instant appeal.

## II. Standard of Review

■ "This Court's review of a trial court's decision on a motion to dismiss for improper

---

monetary relief from a party who is immune from such relief. If the complaint, petition or other initial pleading is frivolous or malicious, fails to state a claim for which relief can be granted or seeks monetary relief from a party who is immune from such relief, the court shall not issue process and shall dismiss the case.

(b) A civil action is frivolous or malicious if it:

(1) Has no arguable basis in fact or law; or

(2) Is substantially similar to a previous civil action in which the inmate did not substantially prevail, either in that it is brought against the same parties or in that it is brought against the civil action arises from the same operative facts of a previous civil action; or

(3) Has been brought with the intent to harass an opposing party.

*Id.*

5. *See* W. Va.Code § 14–2–2 (2009).

6. *See* Syl. Pt. 3, *King v. Heffernan*, 214 W.Va. 835, 591 S.E.2d 761 (2003)("Because *W. Va.Code* § 14–2–2 does not exclusively govern claims in which recovery is sought against the liability insurance coverage of a state agency, venue for such claims is proper under either *W. Va.Code* § 14–2–2 or *W. Va.Code* § 56–1–1.").

7. Had the Appellee bothered to submit a brief to the Court perhaps this significant fact would have been brought much earlier to the Court's attention.

8. The Court, in reversing the Circuit Court of Kanawha County's Order, failed to identify the specific basis for reversal in light of West Virginia Code § 25–1A–4; however, the Court presumably disagreed with the circuit court's determination that the Appellant's action was frivolous and that the Appellant failed to state a claim upon which relief could be granted.

venue is for abuse of discretion." Syl. Pt. 1, *United Bank, Inc. v. Blosser,* 218 W.Va. 378, 624 S.E.2d 815 (2005). The Court now reviews the circuit court's decision utilizing the abuse of discretion standard.

### III. Discussion of Law

The Appellant posits that the issue for resolution before the Court is whether venue for inmate civil actions filed pursuant to provisions of Prison Litigation Reform Act rests solely within the Circuit Court of Kanawha County due to the provisions of West Virginia Code § 14–2–2. The Appellant maintains that such an action can be brought anywhere that a plaintiff so desires to initiate the action.

■ The problem with the Appellant's argument, however, is two-fold. First, the issue that the Appellant presents has already been resolved by this Court in its March 4, 2008, Order, directing that the action be returned to the Circuit Court of Kanawha County. The Circuit Court of Kanawha County transferred the case back to Fayette County. The transfer of the case by the Circuit Court of Kanawha County to the Circuit Court of Fayette County was contrary to the Court's Order.

■ Moreover, there are no provisions in the Prison Litigation Reform Act governing the venue of such suits. Under the provisions of West Virginia Code § 14–2–2, however, "[t]he following proceedings shall be brought and prosecuted only in the circuit court of Kanawha County: (1) any suit in which the governor, any other state officer, or a state agency is made a party defendant except as garnishee or suggestee." *Id.*

■ In syllabus point two of *State ex rel. Stewart v. Alsop,* 207 W.Va. 430, 533 S.E.2d 362 (2000), the Court reiterate a prior holding as follows:

"Actions wherein a state agency or official is named, whether as a principal party or third-party defendant, may be brought only in the Circuit Court of Kanawha County." Syllabus point 2, *Thomas v.*

*Board of Education of McDowell County,* 167 W.Va. 911, 280 S.E.2d 816 (1981).

*Alsop,* 207 W.Va. at 431, 533 S.E.2d at 363, Syl. Pt. 2.

Notwithstanding this holding, the Appellant relies upon the Court's prior decision in *King v. Heffernan,* 214 W.Va. 835, 591 S.E.2d 761 (2003), to support his argument that he, as the Plaintiff, can choose where to bring the action. *See* W. Va.Code § 14–2–2 or W. Va.Code § 56–1–1 (2005 & Supp.2009).

Interestingly, in *King,* the plaintiffs instituted the action in Kanawha County, alleging that the defendants, David Heffernan, M.D., Cabell Huntington Hospital, Inc., and the University of West Virginia Board of Trustees, caused injury to the plaintiffs' child during the delivery of the child at Cabell Huntington Hospital, which is located in Huntington, West Virginia. 214 W.Va. at 836, 591 S.E.2d at 762–63. The defendants maintained that because the University of West Virginia Board of Trustees no longer existed and did not exist at the time the plaintiffs' filed their complaint, venue was not proper in Circuit Court of Kanawha County. *Id.* at 837–38, 591 S.E.2d at 763–64. While the circuit court agreed with the defendants, this Court reversed. The Court determined that even though the Marshall University Board of Governors, which effectively replaced the West Virginia Board of Trustees as a party defendant, was a state agency, because the plaintiffs only sought recovery up to the limits of the state's liability insurance policy, the plaintiffs could bring the action either in Kanawha County or Cabell County. *Id.* at 838, 841, 591 S.E.2d at 764, 767. Succinctly stated, the Court found in *King* that where a plaintiff is only seeking recovery against the a state agency's liability insurance coverage, then venue for such claims is proper under either West Virginia Code § 14–2–2 or West Virginia Code § 56–1–1.[9] 214 W.Va. at 836, 591 S.E.2d at 762, Syl. Pt. 3.

The instant case is so factually dissimilar from the facts before the Court in *King* that the Court finds that *King* is not controlling. Further, even assuming, arguendo, that our decision in *King* should apply to this case, in

---

**9.** West Virginia Code § 56–1–1 provides, in relevant part:

(a) Any civil action or other proceeding, except where it is otherwise specifically provided,

the case sub judice, the Appellant concedes that the Appellee is a state employee. Further, the Appellant filed this action after giving the Appellee statutory notice as reflected in paragraph 12 of the Appellant's Complaint:

> On October 2, 2006, pursuant to *W. Va. Code* § 55–17–3(a)(1), plaintiff provided formal notice to defendant Hill and all other relevant persons specified by statute, that he intended to file suit over the improper actions of defendant Hill on September 28, 2006.

Such notice is only required for actions against the State agency or "governmental agency." [10] *See* W. Va.Code §§ 55–17–1 to – 6 (2008). Finally, unlike the plaintiffs in *King*, the allegations contained within the Appellant's Complaint do indicate that the Appellant is only seeking recovery up to the limits of the Appellee's liability insurance policy. 214 W.Va. at 836, 591 S.E.2d at 762. Consequently, the circuit court did not abuse its discretion in sending the matter back to the Circuit Court of Kanawha County pursuant to the provisions of West Virginia Code § 14–2–2 and this Court's decision in *Alsop*.[11] 207 W.Va. at 431, 533 S.E.2d at 363, Syl. Pt. 2.

### IV. Conclusion

Based upon the foregoing, the decision of the Circuit Court of Fayette County, West Virginia is affirmed.

Affirmed.

> may be brought in the circuit court of any county:
> (1) Wherein any of the defendants may reside or the cause of action arose, except that an action of ejectment or unlawful detainer must be brought in the county wherein the land sought to be recovered, or some part thereof, is; ...
>
> *Id.*

**10.** West Virginia Code § 55–17–3(a)(1) (2008) provides, in pertinent part, that "at least thirty days prior to the institution of an action against a governmental agency, the complaining party or parties must provide the chief officer of the government agency and the Attorney General written notice ... of the alleged claim and the relief

desired." *Id.* Additionally, West Virginia Code § 55–17–2(2) (2008) defines a "government agency" as "a constitutional officer or other public official named as a defendant or respondent in his or her official capacity, or a department, division, bureau, board, commission or other agency or instrumentality within the executive branch of state government that has the capacity to sue or be sued[.]" *Id.*

**11.** The Court, in its review of the Order from the Circuit Court of Fayette County, dismissing the action, without prejudice, found that the dismissal for lack of venue was after the Circuit Court of Fayette County transferred the case back to the Circuit Court of Kanawha County.