# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David Taylor,**
**Plaintiff Below, Petitioner**

**vs)   No. 14-0567** (Kanawha County 13-C-1996)

**George M. Hill,**
**Defendant Below, Respondent**

**FILED**

November 21, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner David Taylor, appearing *pro se*, appeals the order of the Circuit Court of Kanawha County, entered May 14, 2014, that dismissed his civil action against Respondent George M. Hill. Respondent, appearing by counsel John P. Fuller and Andrew R. Herrick, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate in the custody of the West Virginia Division of Corrections ("DOC"). Respondent is the superintendent of West Virginia Correctional Industries ("WVCI"), an agency within the DOC.[1] According to petitioner, he had a prison job as an administrative clerk for respondent and also worked as a replacement worker in the numerous manufacturing shops WVCI had at Mt. Olive Correctional Complex in Fayette County, West Virginia.

Petitioner filed a civil complaint against respondent in the Circuit Court of Fayette County on October 21, 2013. Petitioner's complaint alleged that on a day in July of 2011,[2] he injured his right leg and back in an accident occurring in WVCI's soap shop at Mt. Olive. It was a trip-and-fall accident, where petitioner tripped over a skid jack that another inmate worker allegedly carelessly put in petitioner's work area. The accident also caused a forty-five pound wooden skid to fall onto

---

[1] *See* Correctional Industries Act of 2009, W.Va. Code §§ 25-7-1 to -16.

[2] According to an August 22, 2013, letter from WVCI's insurer, the statute of limitations was waived to the extent that petitioner could file his action any time up to October 21, 2013.

his lower right leg.[3] The complaint also averred that, at the time of the accident, at least twenty inmate positions were unfilled and that one supervisor's position was also vacant, although the complaint does not connect this understaffing to petitioner's injuries. Petitioner's complaint further alleged that respondent was liable for his alleged injuries because:

> At all times during the events disclosed and described herein [respondent] was directly responsible for inmate worker safety, to include safety training, at the various shops, plants, and centers that [WVCI] operated at [Mt. Olive] and was further responsible for . . . inmate hiring at [WVCI] and through [respondent's] negligence alone, [petitioner] was working in an unsafe environment on the day in question. [Petitioner] further asserts that [respondent] is responsible for the incident in which [petitioner's] leg and back were injured[.]

(Footnote omitted.) Finally, petitioner sought unspecified compensatory and punitive damages.

Because respondent is a state official, the Circuit Court of Fayette County transferred petitioner's action to the Circuit Court of Kanawha County.[4] On February 25, 2014, respondent filed a motion to dismiss the action. The Circuit Court of Kanawha County held a hearing on the motion on May 2, 2014.[5] On May 14, 2014, the circuit court dismissed petitioner's action. In its order the circuit court first noted that, in his complaint, petitioner indicated that he was suing respondent individually, but found that all of petitioner's allegations arose from respondent's performance of his duties as superintendent of WVCI. The circuit court further determined that while petitioner sought monetary damages, he expected those damages to be paid by the DOC, and not respondent individually. Thus, the circuit court found that petitioner sued respondent only in his official capacity.

Second, the circuit court found that respondent had qualified immunity from petitioner's action because (1) all of respondent's alleged actions or non-actions were within the scope of his employment; (2) all of respondent's acts, as petitioner acknowledged in his complaint, were (a) discretionary in nature; and (b) constituted decisions that respondent was authorized to make with regard to staffing and training, to the best of respondent's judgment; and (3) none of respondent's discretionary decisions were violative of any clearly established law. Therefore, the circuit court dismissed the action.[6]

---

[3] While petitioner believed that the treatment was inadequate, it is undisputed that he received treatment for his injuries at Mt. Olive.

[4] *See Chance v. Hill*, 224 W.Va. 626, 629-30, 687 S.E.2d 564, 567-68 (2009) (inmate plaintiff provided required pre-suit notice to "State agency" and further conceded that respondent was state employee, making venue proper only in Kanawha County pursuant to West Virginia Code § 14-2-2(a)(1)).

[5] Petitioner appeared by video conference.

[6] While it is possible to waive the defense of qualified immunity, the defense is available

Petitioner now appeals the circuit court's May 14, 2014, order dismissing his action. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac Buick, Inc.,* 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995).

<u>Whether petitioner sued respondent in his individual capacity</u>

The parties dispute whether petitioner sued respondent in his individual capacity. From our own reading of the complaint, we find that the circuit court correctly determined that (a) all of petitioner's allegations arose from respondent's performance of his duties as superintendent of WVCI; and (b) while petitioner sought monetary damages, he expected those damages to be paid by the DOC, and not respondent individually. The circuit court's findings are supported by petitioner's explanation in his brief as to why he alleged that respondent was "directly responsible" for his accident. Petitioner explains that he made such allegations so that he could meet the "deliberate indifference" standard that is required to be satisfied when an inmate alleges that a prison official has violated constitutional minimum standards with regard to the inmate's safety and well-being. *See*, *e.g.*, Syl. Pt. 5, *Nobles v. Duncil,* 202 W.Va. 523, 526, 505 S.E.2d 442, 445 (1998) (holding that, to establish prison official's "deliberate indifference" to inmate's serious medical need, treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock conscience or be intolerable to fundamental fairness). Thus, we find that petitioner mistakenly conflated what it means to sue an official in his individual capacity with the type of allegations necessary to support a claim of "deliberate indifference" on the part of the official. Therefore, we conclude that the circuit court correctly found that petitioner sued respondent only in his official capacity.

<u>Whether respondent had qualified immunity from petitioner's action</u>

The doctrine of qualified immunity affords "immunity to the State and its [public] officer for discretionary acts negligently committed within the scope of his employment." *Clark v. Dunn*, 195 W.Va. 272, 277, 465 S.E.2d 374, 379 (1995). We recently set forth the standard for determining whether a public officer is entitled to qualified immunity from suit, as follows:

> A public officer is entitled to qualified immunity from civil damages for performance of discretionary functions where: (1) a trial court finds the alleged facts, taken in the light most favorable to the party asserting injury, do not demonstrate that the officer's conduct violated a constitutional right; or (2) a trial court finds that the submissions of the parties could establish the officer's conduct violated a constitutional right but further finds that it would be clear to any reasonable officer that such conduct was lawful in the situation confronted. Whenever the public officer's conduct appears to infringe on constitutional

---

so long as the agency's insurance policy does not waive it. *See* Syl. Pt. 6, *Clark v. Dunn*, 195 W.Va. 272, 274, 465 S.E.2d 374, 376 (1995). Petitioner did not allege that WVCI's insurance policy waived the qualified immunity defense. *See* Discussion, *infra.*

protections, the lower court must consider both whether the officer's conduct violated a constitutional right as well as whether the officer's conduct was unlawful.

Syl. Pt. 6, *City of Saint Albans v. Botkins*, 228 W.Va. 393, 394-95, 719 S.E.2d 863, 864-65 (2011). In addition, as a general matter, "[t]he ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine." Syl. Pt. 5, in part, *Botkins*, 228 W.Va. at 394, 719 S.E.2d at 864 (internal citations and omissions omitted).

Petitioner asserts that respondent did not have qualified immunity from suit because respondent violated various federal and state statutes, rules, and regulations requiring that inmate workers be adequately trained and that prison workshops be sufficiently staffed. Respondent counters that nothing in those statutes, rules, and regulations mandates that inmates be trained—and shops be staffed—in the manner petitioner thinks best. We agree and note that respondent's argument is consistent with case law regarding other aspects of inmates' welfare. *See U.S. v. DeCologero*, 821 F.2d 39, 42 (1st Cir.1987) ("[Al]though it is plain that an inmate deserves *adequate* medical care, he cannot insist that his institutional host provide him with the most sophisticated care that money can buy.") (Emphasis in original.) Another factor that weighs in favor of respondent having qualified immunity is the fact that respondent must manage training and staffing issues within the volatile prison context. *See Nobles*, 202 W. Va. at 534, 505 S.E.2d at 453 ("We must be careful not to substitute our judgment for that of prison administrators."); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) ("[E]valuation of penological objectives is committed to the considered judgment of prison administrators" because it is prison administrators who have to "anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration.") (Internal quotations and citations omitted.) Given the deference the law provides respondent in carrying out his duties, we find that the circuit court did not err in finding the allegations in petitioner's complaint insufficient to show a violation of a clearly established law or constitutional provision. We conclude that the circuit court correctly dismissed the action because respondent enjoyed qualified immunity. *See also Clark*, 195 W.Va. at 278-79, 465 S.E.2d at 380-81 (conservation officer and Department of Natural Resources had qualified immunity from suit alleging that officer was negligent in his "discretionary judgments, decisions, and actions" with regard to accidental wounding of hunter).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**
Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4